### The State of Connecticut *against* Smith.

On an information, by a public prosecutor, charging the defendant with having erected a stone wall in and upon a highway, whereby such highway was narrowed and obstructed ; it was held, that the offence charged was an offence at common law, for which the punishment is prescribed by the statute regarding nuisances ; (p. 361.) and, therefore, that the superior court had not jurisdiction, by virtue of the statute of 1828.

This was an information against *Josiah Smith,* filed by the

state's attorney, in the superior court, charging the defendant with having erected and continued a stone-wall in and upon a public highway in the town of *Stamford*, whereby said highway was greatly narrowed, straightened and obstructed.

The defendant moved to quash the information, on the ground that the superior court had no jurisdiction over it, nor any right by law to take cognizance of it. This motion was reserved for the consideration and advice of the Supreme Court of Errors.

*Hawley*, in support of the motion, contended, 1. That aside from the statute, approved *June* 4th, 1828, (*c.* 12. *p.* 191.) the superior court had no jurisdiction of the offence charged. This point was decided and settled in *The State* v. *Knapp*, 6 *Conn. Rep.* 415.—a case precisely like the present.

2. That the statute of 1828 confers no jurisdiction, because the statute for the prevention and removal of nuisances, (*p.* 361. *tit.* 71. *s.* 1, 2, 3.) prescribes a punishment for this offence ; and the statute of 1828, by the terms of it, is applicable to such offences only, "for which the punishment is not prescribed by any statute law of this state." The 1st section of the statute regarding nuisances, declares, that if any person shall lay in any highway any stones, or any other thing, by which such highway shall, in any way, be incumbered, the same shall be a common nuisance, liable to be removed as such ; and the person so offending shall forfeit the sum of four dollars, one half to the prosecutor, and the other half to the town treasury. By the 2nd section, if any person shall take any part of a highway into his inclosure, or erect any fence thereon, in such manner that the highway is made narrower than before, provision is made for the removal of the encroachment, by the person who made it, or at his expense. The 3rd section inflicts a penalty of seven dollars for renewing the encroachment, *toties quoties,* one half to the prosecutor, the other half to the county treasury. The only question, then, is, on this part of the case, whether the forfeiture of a sum of money, or the incurring of a pecuniary penalty, payable half to the prosecutor and half to a public treasury, is a *punishment.* In the first place, this term does not necessarily include any corporal suffering. *Jacob's Law Dict. verb.* Punishment. Secondly, the destination of the forfeiture does not alter its nature. If one half goes to a common informer, it is not in the nature of a satisfaction to the par-

ty injured, but a punishment of the offender.  *Bac. Abr.* tit. Statute K.  But where a common informer has not already commenced a *qui tam* suit for the penalty, the state may recover the whole, on an information brought by a public prosecutor.  *Rex* v. *Hymen,* 7 *Term Rep.* 536.  1 *Swift's Dig.* 586.

3. That the 2nd section of the statute of 1828, gives no court power to inflict any punishment in the present case ; as it is not a case within the scope of that section.

*Sherman* and *S. H. Miner,* for the state, contended, 1. That the offence charged in this information, was an offence at common law.

2. That the statute regarding nuisances, is in affirmance of the common law.  It gave an additional remedy, but left the offence at common law as it was before.  Common law offences do not cease to be such, because they are punishable by statute.

3. That the object of the statute of 1828, was, to give the superior court jurisdiction of all prosecutions at common law, for common law offences, and where, in case of conviction, the common law punishment is to be inflicted.  The mischief which that statute sought to remedy, was the difficulty of defining high crimes and misdemeanours, and of distinguishing them from mere misdemeanours.  To obviate this difficulty, the legislature gave to one tribunal the jurisdiction of them all, when prosecuted as offences at common law.  The act in question was passed at the next session of the General Assembly after the decision in *The State* v. *Knapp,* which took from the superior court the cognizance of encroachments on highways ; and the design of the legislature was, to restore that subject of jurisdiction, by comprehending it in the terms of a general rule.

BISSELL, J.  The question raised upon the record, and now submitted for decision, is, whether the superior court has jurisdiction of the offence charged in the information.  In the case of *The State* v. *Knapp,* 6 *Conn. Rep.* 415, it was decided, that this is not a high crime and misdemeanour, cognizable by the superior court.  If then that court has jurisdiction of the case before us, it must be by virtue of the statute of 1828. That statute enacts : " That the superior court shall have ju- " risdiction of all offences at common law, of what kind and " degree soever, for which the punishment is not prescribed by

"any statute law of this state." That this is an offence at *Fairfield,* common law, is not doubted. Is the punishment for it "*pre-* June, 1829. *scribed by any statute law of this state*"? The statute, *tit.* 71. provides for the removal of nuisances and encroachments on highways, directs the mode of prosecution, and inflicts a penalty on the offender. Is the penalty inflicted by this statute, a punishment "*prescribed*" for the offence? The answer would seem to be implied in the very terms of the question; the definition of punishment, being "the penalty for transgressing the law."

State v. Smith.

Again: the statute of 1828 provides, "That in all cases "*where no punishment* is, by statute, fixed for any such com-"mon law offence, the court, before whom the conviction shall "be had, may punish the offence, by fine not exceeding five "hundred dollars, or by imprisonment not exceeding one year, "or both, at the discretion of such court." From this provision it is, I think, very apparent, that when *any punishment is fixed*, by statute, for a common law offence, none other than the statute punishment can be inflicted. In the case before us, it is very clear, that the superior court cannot inflict the punishment prescribed by the statute; and as no other can be inflicted, the offence charged in the information is not punishable by that court. This is conclusive on the question of its jurisdiction. I would, therefore, advise, that the superior court adjudge the motion to quash sufficient; and that the cause be dismissed.

The other Judges were of the same opinion.

Motion to quash sufficient.