THE STATE OF CONNECTICUT *against* HYDE:

#### IN ERROR.

The offence of erecting a building on the public highway, by which such highway is narrowed and incumbered and the passage of travellers is obstructed and endangered, being punishable, by the statute relating to nuisances, by a fine of four dollars and removal of the obstruction, cannot be prosecuted before the county court, as an offence at common law.

THIS was an information, filed by the attorney for the state, in the county court of *New-London* county, against *William Hyde*, for a nuisance, in erecting on a public highway in the

New-London,
July, 1836.

The State
v.
Hyde.

borough of *Stonington*, a building, by which, as the information alleged, the highway was narrowed and incumbered, and the passage of travellers obstructed and endangered. After a trial, on the plea of *not guilty*, a verdict was found against the defendant. He then moved in arrest of judgment, on the ground that the court had not jurisdiction of the offence charged. The court sustained the motion and adjudged the information insufficient. A writ of error was then brought, in behalf of the state, in the superior court, to reverse this judgment. The superior court affirmed it. By motion in error, the record was then brought before this court for revision.

*Isham*, for the plaintiff in error, contended, 1. That the offence charged in this information, is a common law offence. *The State* v. *Smith*, 7 *Conn. Rep.* 428.

2. That the county court has jurisdiction of common law offences. *Stat.* of 1830. *s.* 118. *p.* 227.

3. That the county court is not ousted of that jurisdiction where a punishment is prescribed by statute for a similar offence. The statute relating to nuisances, in the 1st section, declares the acts described in this information to constitute a common nuisance and prescribes a two-fold punishment, *viz.*, a forfeiture of four dollars and a removal of the nuisance. *Stat.* 361. *tit.* 71. *s.* 1. The 2nd section, which also embraces the acts complained of, provides only for the removal of the encroachment. *Stat.* 362. *tit.* 71. *s.* 2. In neither section is the common law remedy excluded, expressly, or by necessary implication. The following are cases where, notwithstanding a punishment was prescribed by statute, it was held, that the offence might be prosecuted at common law. *State* v. *Enos*, *Kirb.* 21. *The State* v. *Lockwood*, *Kirb.* 106. *The State* v. *Danforth*, 3 *Conn. Rep.* 112. *The State* v. *Wilson*, 2 *Root* 62. It is certainly well settled, that you may prosecute, for many offences, at common law *or* on the statute. 2 *Sw. Dig.* 385. *The State* v. *Knowles*, 3 *Day*, 103. *The State* v. *Southworth*, 5 *Conn. Rep.* 525.

*Strong*, for the defendant in error, contended, 1. That the acts charged in this information being admitted to be an offence at common law, if the defendant is liable to this prosecution, he may be imprisoned from thirty days to one year, and

be fined not exceeding 300 dollars. *Stat.* 147. *tit.* 21. *s.* 117. <span></span> *New-London,*
(ed. 1835.)

*July, 1836.*

2. That the statute law has provided for this offence, and

The State
*v.*
Hyde.

has imposed a less punishment. *Stat.* 361. *tit.* 71. *s.* 1. *The State* v. *Knapp,* 6 *Conn. Rep.* 415. *The State* v. *Smith,* 7 *Conn. Rep.* 428.

3. That this being so, the information at common law cannot be sustained. If it could be, it would destroy the limit, which the legislature has prescribed for the punishment of this wrong. Nor can it be claimed, that the remedy by information at the common law, is necessary, as being more effectual than a prosecution under the statute relating to nuisances; for while this would furnish no apology for judicial legislation, it is not true in fact. The statute remedy removes the nuisance, as well as punishes the offender. *Stat.* 361. *tit.* 71. *s.* 1. Farther; this mode of prosecution deprives the defendant justifying under his title, of the opportunity of trying this question in the superior court, when in all other cases of title, he has this right.

HUNTINGTON, J. Had the county court jurisdiction of the offence charged in the information? This is the only question presented by the record. Several points are not contested between the parties. It is agreed, that the acts complained of, constitute an offence at common law, denominated a public nuisance, which is indictable. 1 *Hawk. P. C. c.* 75. *s.* 14. *The King* v. *Stead,* 8 *Term Rep.* 142. *The King* v. *Russel,* 6 *East,* 426. 4 *Bla. Com.* 126. It is punishable at common law, by fine and imprisonment. The latter is not now inflicted. If the proceedings state the nuisance as existing, it is a part of the judgment, that it be abated, which it is the object of the prosecution to effect. It is cognizable by the county court, by virtue of the provisions of the crimes act of 1830. (*ss.* 118. 122. *vol.* 2. *p.* 277, 8.) unless their jurisdiction is taken away by the act relating to nuisances, *vol.* 1. *p.* 361. (ed. of 1821) and the 123d section of the crimes act. This act prescribes the punishment, on conviction, for offences at common law, which, in cases not amounting to high crimes and misdemeanours, (and a nuisance is not an offence of the latter description, *State* v. *Knapp,* 6 *Conn. Rep.* 415.) is imprisonment in a common gaol, not less than thirty days nor

more than one year, or a fine not exceeding three hundred dollars, or by such fine and imprisonment both, at the discretion of the court having cognisance of the offence. The county court has jurisdiction of all offences not given to the sole jurisdiction of the superior court, and not given to justices of the peace. Jurisdiction is given to justices of the peace, of all offences punishable by fine not exceeding *seven* dollars, or imprisonment in a common gaol not exceeding thirty days, or both. An examination of the record shows, that the offence charged in this information, is the precise offence described in the statute, *tit*. 71. Nuisances. *p*. 361. (ed. 1821.) which, by that act, is punished by the infliction of a fine of *four* dollars, accompanied with an order to remove the nuisance, &c. The enquiry, then, is simply this; whether an offence punishable by a fine of four dollars only, and so within the jurisdiction of a justice, may be prosecuted before the county court, and be punished by imprisonment from thirty days to one year, and by fine not exceeding three hundred dollars? The very statement of such a question, furnishes the answer. The legislature, who can prescribe the punishment for offences, have fixed the penalty for this offence, at four dollars :—but if this information can be sustained, it may be increased, by judicial legislation, to three hundred dollars, and imprisonment for one year. A proposition involving such a consequence, is so entirely subversive of common justice, that it does not require the aid of argument or authority to refute it. We will, however, add, that the point made in the present case, was presented to this court, and considered and determined, in the case of *The State v. Smith*, 7 *Conn. Rep*. 428. We adhere to that decision; and, as a necessary consequence, we affirm the judgment of the superior court.

In this opinion the other Judges concurred, except CHURCH, J., who was absent.

Judgment affirmed.