STATE v. GEORGE D. SMITH.

*Nuisance.    Obstructing   Ancient   Water-course.    Highway.*

An information was filed against the respondent for obstructing an ancient water-course, and thereby injuring the highway. *Held,*

1.  The act complained of could not constitute a public nuisance, unless the travelling public were, to some extent, impeded, hindered, or obstructed in the use of the highway for the purpose of travelling over it.

2.  It should have been submitted to the jury to determine whether the public were thus impeded, &c., by filling up the water-course.

3.  If the respondent obstructed the water-course, without impeding the public travel, he should have been proceeded against by action under R. L. s. 3132 (Gen. Sts., c. 25, s. 70).

4.  R. L. s. 3132 (Gen. Sts., c. 25, s. 70) penalty for injuring highway, construed.

INFORMATION filed by the State's attorney, charging the respondent with having filled up an ancient water-course, &c.   Plea, not guilty; trial by jury, December Term, 1881, TAFT, J., presiding; and verdict, guilty.

It appeared by the evidence on the part of the prosecution that the defendant, Smith, lives in Sharon village, where he has lived for many years; that there is a public highway leading through Sharon village, running east and west, which was formerly a turnpike, and that this highway runs near the north bank of White river through the village; that the defendant lives upon the south, or river side of this highway; that nearly opposite defendant's premises is the public house in said village; that on the east side of said public house there is a highway leading into this river-highway; that the ground slightly descends for a short distance on this highway to the river-highway at said public house; that for a few rods west of the public house the ground slightly descends towards the east; that the water in times of rains and melting snows on both roads, for a short distance, runs along the roads until in front of the hotel where there is a water-bar which conducted it across the road on to the south or river side of the road.   A short distance east of the hotel, and opposite a portion of

the premises of the defendant, said river road descends more rapidly to the east.

The evidence on the part of the prosecution tended to show that for many years there had been a water-course for the water across the defendant's land, nearly opposite said water-bar, to the river, the bank of which is about three rods from the highway at this point; and that in said bank and a part of said water-course was a gully, which water-course and gully had been there more than fifteen years, and longer than any of the witnesses could remember, and when there was water it always ran in said water-course (which witnesses described, and some of them called a channel) unless obstructed.

That the defendant, in June, 1880, placed a stone post, earth and gravel, across this water-course on his own land, but near the highway, which obstructed the water from flowing therein, and the water which crossed the road at said bar was thereby caused to pass along the highway on the south side and in front of the premises of the defendant, down a gravelly hill on and across to the north side of the road, and passed off through a sluice-way. And when there was much water a part of it would run over the said obstructions.

There was no evidence that the travel along said highway was in any way interrupted by reason or in consequence of the water running along said highway and crossing the same as aforesaid.

The prosecution introduced one witness who testified that he, at one time, saw a gully in the road where the track of the wheel would go, but the travel could go round it, and he thought it was after the obstruction was placed, as aforesaid, by the defendant; he further testified that the hill in front of the defendant's premises was somewhat washed in the summer of 1880, and had been previously thereto.

There was other testimony tending to show that the road was somewhat washed, by reason of said obstruction. At the close of the testimony on the part of the prosecution the defendant's counsel moved the court to direct a verdict for the defendant, which the court declined to do, to which the defendant excepted.

The respondent's evidence as to his stopping up the ditch is

stated in the opinion, substantially as given in the exceptions. The court charged:

" Now, if you find that this was an ancient water-course, and that the water ran across the land in its channel from the road to the river, and the respondent obstructed it, and turned it into the highway, and it ran in the highway and gullied it, or washed it, and the respondent admits that it did wash it some, you will be justified in returning a verdict of guilty.

" If you find the natural effect of obstructing the water-course and turning the water into the highway, and the action of the water upon being so turned washed the highway and would naturally tend to impede travel it would become a nuisance, and it is not necessary that you find that the road was impassable, or travel interrupted, in order to find the defendant guilty."

*French & Southgate*, for the respondent.

If the defendant has done what he had no right to do, and the town has suffered injury by his act, the town has its remedy by action. *Shrewsbury* v. *Brown et al.*, 25 Vt. 197 ; *Sheldon* v. *Fairfax*, 21 Vt. 102.

We can find no authority either in this country or in England for an indictment for obstructing a water-course. If a party has been injured by the wrongful obstruction he has his remedy by civil suit. It is not the policy of the law to try civil rights in a criminal form ; it would be a great hardship to the defendant to do so. Such questions should be tried in a civil suit where the defendant can recover his costs.

An indictment lies at common law for placing obstructions in the highway by which travel is interrupted or incommoded. It is because the rights of the public are wrongfully interfered with. 1 Russ. Crimes, 347 ; *State* v. *Wilkins*, 2 Vt. 480.

In this case the public were not incommoded ; the road was somewhat washed but not so as to interfere with the travel.

The statute has provided a remedy for all nuisances affecting highways, and most of these statutes have been in force since 1824. Slade's Sts. 434; Gen. Sts. ch. 25, ss. 69–70 ; R. L. ss. 3128, 3131, 3132.

The provision as to obstructing a " ditch made for draining water from the highway " was in the Rev. Sts. of 1839, 141, s.

38. The remedy is by action in favor of the town, and the penalty goes for repairs of highways.

We submit that these statutes take the place of the ancient common law, and if any former rule of law in England would authorize this prosecution, it has become obsolete by non-user in this country, if not in England, and especially in this State. The case of *State* v. *Wilkins, supra,* was an indictment for placing a building on the public common in St. Albans, which obstructed the public travel, and it was doubtful whether any statute covered this offence.

*Hunton & Stickney,* for the State.

If it should be claimed that the defendant is not liable because he obstructed the water on his own land, we say it falls within the definition of a nuisance, viz.: Common nuisances are such inconvenient and troublesome offences as annoy the whole community and therefore are indictable and not actionable ; of this nature are annoyances in highways, by rendering the same inconvenient. 4 Bl. Com. 166, 167.

It is contrary to the maxim, " *sic utere tuo,*" &c. *Kellogg* v. *Thompson,* 21 N. Y. 88 ; *Temperance Hall Association* v. *Giles,* 33 N. J. L. R. 260 (cited 1 U. S. Dig. N. S., 1870, p. 358, pl. 43).

If it should be claimed that the evidence did not tend to show that there was an ancient water-course we refer to *Earl* v. *De Hart,* 12 N. J. Eq.; 1 Beasley, 280.

The opinion of the court was delivered by

ROYCE, Ch. J. The defendant was tried upon an information filed in the County Court, charging him with having obstructed and filled up an ancient water-course, by means of which the water that had been accustomed to run in said water-course ran back into and along a public highway in the town of Sharon, and gullied, damaged, and impaired said highway, so that the citizens of this State, upon and through said highway, with their teams and carriages, could not go, return, pass, and repass, as they ought and were wont to do ; and concludes against the peace and

dignity of the State. The defendant's evidence, among other things, tended to show that whatever he did in the matter of filling up or obstructing said water-course was to stop and shut up an opening which the highway surveyor had just before made, for the purpose of having the water from the highway flow into and across his land.

If the fact was as that evidence tended to show, there can be no question but what it came within sec. 70 of chap. 25 of the Gen. Sts., which provides that, if any person shall wantonly or illegally injure any highway, by filling up or placing obstructions in any ditch made for draining any water from the highway, he shall, *as a penalty*, forfeit and pay to the treasurer of the town, to be expended in repairing highways, a sum not exceeding $30, to be recovered in an action in the name of the town, with costs.

And, by sec. 71, the person so offending is made liable to the town or any individual for the damages sustained in consequence of such act.

The question then arises, whether, when a statute has prescribed the penalty for the commission of a common-law crime, and provided the method for the enforcement of the penalty, and the penalty is one that the County Court cannot appropriate to the purposes designated by the statute, that court has concurrent jurisdiction with the court designated by the statute, to enforce the penalty named in the statute.

In *State* v. *Smith*, 7 Conn. 428, it was held that, on an information charging the defendant with having erected a stone wall in and upon a highway, whereby such highway was narrowed and obstructed, charged an offence at common law, for which the punishment is prescribed by the general statute regarding nuisances, and, therefore, the superior court had not jurisdiction. BISSEL, J., in the opinion, says, that the superior court has jurisdiction of all offences at common law for which the punishment is not prescribed by any statute law of the State ; that the punishment for that offence was prescribed by a statute law of the State, which directed the mode of prosecution, and inflicted a penalty on the offender ; that, when any punishment is fixed by statute for a common-law offence, none other than the statute punishment can

be inflicted ; that the superior court could not inflict the punish-ishment prescribed by the statute ; and, as no other could be in-flicted, the offence charged was not punishable by that court ; that that was conclusive upon the question of its jurisdiction ; and the superior court was advised that the motion to quash was sufficient, and that the cause be dismissed.

In *State* v. *Hyde*, 11 Conn. 541, it was decided that the offence of erecting a building upon a highway could not be prosecuted be-fore the County Court as an offence at common law, it being pun-ishable by the statute relating to nuisances, by a fine ; and the court say that an examination of the record shows that the offence charged is the precise offence described in the statute in relation to nuisances, which, by the act, is punished by the infliction of a fine of $400. The inquiry, then, is, whether an offence, punish-able by a fine of $400, and so within the jurisdiction of a justice, can be prosecuted before the County Court, and be punished by imprisonment and a fine. The legislature, that can prescribe the punishment for offences, has fixed the penalty for this offence ; but if this information can be sustained, it may be increased by judi-cial legislation to $300 and imprisonment for one year. A prop-osition involving such a consequence is so entirely subversive of justice that it does not require the aid of argument or authority to refute it.

The above causes were heard on motions in arrest of judgment. The fine which may be paid upon a conviction upon an informa-tion, goes into the State treasury. The penalty which may be re-covered under the statute goes into the town treasury, to be ex-pended in the repairing of highways. It is difficult to see how a conviction upon an information can be made available as a defence in a proceeding under the statute. And unless it can be made available, a person may be twice punished for the same offence.

The use of the words in the statute, " shall, as a penalty, for-feit and pay," is significant of the intention of the legislature to make the penalty therein prescribed the only penalty for the com-mission of the offence ; and the law does not allow any one to be twice punished for the same offence.

The case of *State* v. *Wilkinson*, 2 Vt. 480, which was an in-

dictment for erecting a building in a common highway, was tried in the County Court upon an issue of fact, as to whether the place where the building was erected was a part of the highway ; and no question as to the jurisdiction appears to have been made in that court. It was claimed in the Supreme Court that the County Court did not have jurisdiction. Judge PRENTISS, in the opinion, says that " the provision in the statute, which imposes a fine not exceeding $7 for placing any obstruction in the highway, *to be recovered by complaint* made to a justice of the peace, if applicable to this case, is merely cumulative, and does not take away the remedy by indictment at common law " ; and quotes as his authority for the proposition, *Rex* v. *Robinson*, 2 Burr. 799. That was an indictment for refusing to obey an order of the general quarter-sessions, made upon the defendant for keeping and maintaining two grand-children, and the breach was laid according to 43d Elizabeth. It appears that there was a summary remedy (though just what does not appear) provided by the statute, for compelling obedience to the order ; and it was claimed upon motion in court that an indictment would not lie. Lord MANSFIELD, in the opinion, states the general rule as quoted by Judge PRENTISS ; but says that " here the relief is to be assessed and directed by order of sessions. And a particular proceeding in a summary way is prescribed by the act, as a particular sanction and method of punishment in case of failure. But it is to be presumed that the legislature intended that there should be two remedies." And after saying that remedy by summary proceeding might be impracticable, says, that, notwithstanding there are two remedies given, it would be extremely oppressive to take the remedy by indictment, if there are no circumstances which obstruct the proceeding by the shorter way of summary remedy. This would be very wrong and unreasonable, where the summary remedy can be put in practice.

Here we think the presumption is, that the legislature intended that there should be but one remedy,—and the one prescribed by the statute. And, inasmuch as it is not suggested that that remedy was impracticable, it would be oppressive, wrong, and unrea-

sonable to allow the defendant to be proceeded against by inform-
ation or indictment.

As before remarked, there can be no doubt but what, if the
facts should be found as the defendants' evidence tended to show,
the offence with which he was charged came within the statute.
It was the right of the defendant to have that evidence submitted
to the jury, for them to find how the fact was; and if found as his
evidence tended to show, the court should have refused to take
any further jurisdiction of the cause. And in not so submitting
it there was error.

The court charged the jury, substantially, that if they should
find that if the defendant obstructed an ancient water-course and
turned the water into the highway, and it ran in the highway and
gullied it or washed it, they would be justified in returning a ver-
dict of guilty.

There are certain acts which are denominated as nuisances *per
se ;*—such as the erection of buildings upon, or enclosing a por-
tion of, the highway, so as to wholly exclude the public from all
enjoyment of the same, *State* v. *Wilkinson, supra,* and *State* v.
*Woodward,* 23 Vt. 92, belong to that class. And in that class
of cases it is not necessary to show that the public have suffered
any injury or inconvenience other than in being excluded from the
use of the highway encroached upon. And the court, in the in-
struction to the jury, above stated, must have considered this case
as one within that class. In this we think there was error.

The jury, under the charge, would have been justified in find-
ing the defendant guilty, if they had found the highway was gul-
lied or washed to any extent,—even though such gullying or wash-
ing did not injuriously affect the highway for public use.

In *State* v. *Woodward, supra,* it is said if the act complained
of does not divert the property or any part of it from the use of
the public, or in any manner impair the public use and enjoyment
of it ; but the act was done for the purpose of making the use
more beneficial to the public, there would seem to be a manifest
propriety in submitting the same to the jury ; and that whether in

cases of this kind the question should be put to the jury must depend upon the character of the nuisance charged.

In *Rex* v. *Tindall*, 1 N. & P. 719, 6 A. & E. 143, the defendant was the owner of the soil adjoining a harbor, and was indicted for a nuisance in erecting planks in it. The verdict found, that by the defendant's work, the harbor, in some extreme cases, was rendered less secure ; and it was held that consequences so slight, resulting from the acts of the defendant, did not amount to a nuisance.

In *Rex* v. *Russell*, 3 E. L. & B. L. 942, 18 Jur. 1022, which was an indictment for obstructing the navigation of the Menai Straits by erecting a wall, the judge asked the jury if they thought the erection a *national* nuisance, in which case they were to find a verdict of guilty ; but told them that if they thought the nuisance was so slight, rare, and uncertain that the defendant ought not to be made criminally liable for it, they were to acquit him. Held, that the charge was to be understood as meaning, not that a party may legally commit a small nuisance ; but that an obstruction might be so insignificant as not to constitute a nuisance ; and that the jury must be understood as finding that the obstruction was so insignificant ; and that there was no misdirection warranting a new trial.

In *Graves* v. *Shattuck*, 35 N. H., 257, it was decided that the jury must determine from the circumstances of each particular case whether an object permanently placed, temporarily left, or slowly moving in a highway is a nuisance ; and this determination must depend on their finding whether the object, under all the circumstances, necessarily obstructs passage over it.

It might be inferred, from what is said in *State* v. *Woodward*, that the intent with which the act complained of was done is the test ; but the intention is, in general, immaterial, as characterizing the act ; it is the effect that determines whether the act constitutes a nuisance or not.

A common nuisance is defined by Blackstone, (4th vol. Com. 167), to be, the doing of a thing to the annoyance of all the king's subjects ; and, under that definition, the doing of the thing

would not make it a nuisance, unless it was shown that the king's subjects were thereby annoyed.

It is difficult, and perhaps impossible, to establish any general rule upon the subject; but it must be shown, to constitute an act like the one complained of—a public nuisance, that the travelling public were, to some extent, impeded, hindered, or obstructed, in the use of the highway for the purpose of travelling over it.

It appears that there was no evidence that the travel along the highway was, in any way, interrupted, in consequence of the water running along it. If there was no evidence showing that the travel had been impeded, hindered, or obstructed, in consequence of the water running along said highway, a verdict of acquittal should have been directed. But it cannot be assumed that there was no such evidence, and if there was evidence tending to show it, the court should have submitted the question to the jury, for them to find whether the travel was impeded, hindered, or obstructed, by reason of the water running along said highway; and if so, to what extent.

We do not find any error in the refusal to charge as requested, or in the charge, except in the matters herein before stated.

Exceptions sustained, judgment and verdict set aside, and cause remanded.