### THE STATE OF CONNECTICUT *against* AVERY.

Where a writing in the form of a letter, addressed to the wife of another man, contained words, importing, that she had acted libidinously towards the

writer, had invited him to an adulterous intercourse with her, and had *New-London,* sought opportunities to effect it ; which writing was composed and sent to *July, 1828.* her, with intent to insult and abuse her, to debauch her affections and alienate them from her husband, to entice her to commit adultery, and to bring her into disgrace and contempt ; it was held, that such writing was libellous. The sending of a letter containing such language, to the person to whom it is addressed, is an offence of a public nature, which may be the subject of an information.

The solicitation of another to commit adultery, is a high crime and misdemeanor, cognizable by the superior court.

The State
*v.*
Avery.

THIS was an information against *Asa L. Avery,* for writing and sending, on the 7th of *July,* 1827, to *Jannette White,* the wife of *Alfred White,* a letter in the following terms: " Mrs. *Jannette White.* I think we have played peep-abo long enough; and in my opinion, travelled enough. It is highly necessary for lovers to meet, in order to understand each other's minds. I do believe it was your intention to have met me, a week ago last *Sunday.* I first thought I knew you ; afterwards I found it was you. I believe you have been across twice since. Now, if you will call at my house to-morrow, in the afternoon, at 3 o'clock, or tell me when and where to meet you——————. You, I believe, as well as myself, have run long enough." The meaning of a part of this letter, as explained by an *innuendo,* was, that Mrs. *White* had acted libidinously towards the defendant, inviting him to an adulterous intercourse and connexion with her, and that she had sought opportunities to effect it. The information averred, that the letter was a false, scandalous and defamatory libel, written and published with intent to injure the reputation of Mrs. *White ;* to insult and abuse her; to debauch her affections, and seduce them from her husband, they being mutually happy in the affections of each other ; to entice her to become guilty of the crime of adultery ; and to bring her into disgrace and contempt. To this information the defendant pleaded *not guilty ;* and the jury found him *guilty.* He then moved in arrest of judgment for the insufficiency of the declaration ; and the case was thereupon reserved for the advice of this court.

*Goddard* and *Brainard,* in support of the motion in arrest, contended, 1. That the letter set forth in the information, was not a libel.

2. That there was no publication of it as a libel.

3. That in this state, a libel against an individual is not the subject of an information.

4. That this was not an offence, of any sort, within the jurisdiction of the superior court.

*Isham*, contra, contended, 1. That this was a libel. 2 *Swift's Dig.* 340. 1 *Hawk. P. C.* 352. *Commonwealth* v. *Clapp*, 4 *Mass. Rep.* 163.

2. That a letter, written and sent to another person, on an indictment or information, is sufficient proof of a publication. *Phillips* v. *Jansen*, 2 *Esp. Rep.* 625. 3 *Chitt. Crim. Law* 639. *Hick's* case, *Hob.* 215.

3. That an information for a libel on an individual, is sustainable in this state. *Const. Conn. art.* 1. *s.* 7. *Selleck Osborne's* case, at *Litchfield.*

4. That the offence charged in the information, is a high crime and misdemeanor. A solicitation to commit a crime is a misdemeanor and indictable. To incite one to commit a felony must be a high misdemeanor. *The King* v. *Higgins,* 2 *East* 5. 21. *The King* v. *Phillips,* 6 *East* 464. 470. *Rex* v. *Vaughan*, 4 *Burr.* 2494. *Rex* v. *Scofield, Cald.* 397. where a case is cited before *Adams, B.* Vid. 2 *East* 14. No act, other than the incitement itself, is necessary to be done. The gist of the offence, is the incitement. 2 *East* 19. *per Grose*, J.

PETERS, J. Whether the facts stated in this information are a libel, or a solicitation to commit a greater crime, it is not now material to enquire. If they constitute an indictable offence within the jurisdiction of the superior court, it is sufficient.

A libel is a malicious defamation of any person, made public by printing, writing, signs or pictures, tending to blacken the memory of the dead, with intent to provoke the living, or injure the reputation of the living, provoke him to wrath, and expose him to hatred, contempt or ridicule. 1 *Hawk. P. C. cap.* 73. *sect.* 1. 4 *Bla. Comm.* 150. *Holt* on *Libels* 73. *Hillhouse* v. *Dunning*, 6 *Conn. Rep.* 391.

Is the writing in question a libel? It is a letter, addressed, by the defendant, to the wife of another man, stating she had " *played peep-abo*" with him long enough ; by which the jury have found, that he meant, that she had acted libidinously towards him, and invited him to an adulterous intercourse and connexion with her, and sought opportunities to effect it. It appears by the information, which the jury have found to be

true, that the defendant composed and wrote the letter, and sent it to her, with intent to insult and abuse her, and to seduce and debauch her affections from her husband, entice her to commit adultery, and bring her into hatred and contempt.   Adultery is a detestable crime, especially in a female ; the most disgraceful a woman can commit ; and is punished with great severity, by our law.   *Stat. tit.* 22. *sect.* 62.   To say of a woman, falsely and maliciously, that she has committed this crime, is a gross slander    To say that she is running about the country, seeking opportunities to commit adultery, renders her more contemptible and ridiculous than the crime itself ; and to publish such a story, by printing or writing, is a libel.   But a libel is a high misdemeanor ; and it may be laid down as law, in all cases, that the allegation of an act, which the law recognizes and punishes as a crime, is libellous.   *Holt on Libels* 188, 9. *The King* v. *Wilkes,* 2 *Wils.* 151.

It is said, that the letter in question is not a libel, because it was not published, by the defendant.   But it is well settled, that the sending of a letter to the party, filled with abusive language, is an indictable offence, because it tends to a breach of the peace.   It has, indeed, been a matter of doubt whether the sending of such a letter to another would support *an action for* a libel, because there is no publication.   But the sending of such a letter, without other publication, is clearly an offence of a public nature, and punishable as such, as it tends to create ill-blood, and cause a disturbance of the public peace.   *Holt on Libels* 239.   2 *Swift's Dig.* 341.   1 *Hawk. P. C lib.* 1. *cap* 73. *sect.* 11.   *Bac. Abr. tit.* Libel. B. *Wooton* v. *Edwards,* *Poph.* 140.   *Hick's* case, *Hob.* 215.

It is said, that a libel against an individual is not a subject of indictment.   But there cannot be any doubt, says *Hawkins,* (*ubi supra*) but that a writing, which defames private persons only, is as much a libel, as that which defames persons entrusted with a public capacity ; and Lord *Coke* informs us, that " every libel, which is called *famosus libellus,* is made either against a private man, or against a magistrate or public person.   If it be against a private man, it deserves a severe punishment."   *The case de Libellis Famosis,* 5 *Rep* 125.   The late Ch. J. *Swift* has informed us, that prosecutions of this kind have not been introduced into this state ; but he adds, that "the common law on this subject is in force here."   2 *Swift's Dig.* 340.   It is somewhat remarkable, that his Honor should so soon have for-

*New-London,*
July, 1828.

The State
*v.*
Avery.

*New-London* gotten the prosecutions against *Selleck Osborne*, at *Litchfield*,
July, 1828. in 1806, and *Noah A. Phelps*, at *Hartford*, in 1818 !

The State       But, admitting that the letter in question is not a libel, it is
*v.*
Avery.      certainly a solicitation to commit a greater crime.    It explicit-
ly invites Mrs. *White* to make an *assignation* to meet the de-
fendant at his house, or at some other place, to commit adultery
with him.    I have already shewn, that adultery is a very great
crime, *once capital,* now punishable like most other felonies.
*Stat. revis.* 1650. *tit.* CAPITAL LAWS. *sect* 8.—ed. 1808. *p.* 42.
n.—*revis.* 1821. *tit.* 22. *sect.* 62.    And an attempt to commit,
or a solicitation of another to commit such a crime, must be, at
least, a high crime and misdemeanor ; and we have already
said, that a high crime and misdemeanor is nearly allied and
equal in guilt to felony, (*State* v. *Knapp,* 6 *Conn. Rep.* 415.)
whereof the superior court has cognizance, by statute and by
common law.    *Stat. tit.* 22. *sect.* 98.    *State* v. *Danforth,* 3
*Conn. Rep.* 112

In *Rex* v *Higgins,* 2 *East* 5., the defendant was indicted
for soliciting and enticing a servant to steal the goods of his
master ; and the defendant contended, that as nothing was
done, no crime was committed.    The judges delivered their
opinions *seriatim,* and unanimously pronounced it an indictable
offence.    "A solicitation or inciting of another," said *Le Blanc,*
J., " by whatever means it is attempted, is an act done ; and
that such an act done with a criminal intent, is punishable by
indictment, has been clearly established, by the several cases re-
ferred to." "All such acts or attempts," said *Lawrence,* J., " as
tend to the prejudice of the community, are indictable.    Then
the question is, whether an attempt to incite another to steal,
is not prejudicial to the community ; of which there can be no
doubt."    As to the offence itself, it must be admitted, that an
attempt to commit a felony, is, in many cases at least, a misde-
meanor.    In proof of this, we may instance the common cases
of an attempt to rob or to ravish, which are indictable offences
in every day's practice.    But further, an attempt to commit
even a misdemeanor, has been shewn, in many cases, to be it-
self a misdemeanor.    I close this topic in the language of Lord
*Kenyon,* Ch. J., which, *mutato nomine,* is *ad idem.*    The offence
is of the most serious kind, no less than that for his own wicked
gratification, he solicited and invited a woman to commit adul-
tery ; and can it be a question, in a country professing to have
laws subservient to justice and morality, whether this be an

offence ?　But it is argued, that a mere intent to commit evil is not indictable, without an act done ; but is there not an act done, when it is charged, that the defendant solicited another to commit adultery ?　The solicitation is an act ; and God forbid, that it should not be considered as an offence.

I am of opinion that the information is sufficient ; and advise, that the motion in arrest be overruled.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

Information sufficient.