[In Bank.—June 11, 1883.]

# EX PARTE BAYARD V. RAYE.

CRIMINAL LAW—HABEAS CORPUS—SENTENCE—ENTRY OF JUDGMENT.—The petitioner was convicted in the Police Court of the city of Sacramento of the offense of " attempted extortion." He was sentenced to imprisonment in the county jail for six months, and an entry was at once made in the minute or memorandum book kept by the clerk of the court, which showed the offense of which he was convicted, and the sentence of the court. The formal judgment was not entered on the judgment docket for more than twenty days thereafter. *Held*, on habeas corpus, that the defendant was not entitled to be discharged.

APPLICATION for a writ of habeas corpus.

The facts are stated in the opinion of the court.

*Hall & Alexander*, for Petitioner.

McKEE, J.—From the return to the writ in this case, it appears that the prisoner was arrested, tried, and convicted in the Police Court of the city of Sacramento for the offense of " attempted extortion." Section 524 of the Penal Code declares that " every person who unsuccessfully attempts, by means of any verbal threat, such as is specified in section 519, to extort money or other property from another, is guilty of a misdemeanor." The offense with which the defendant in the case was charged was therefore one known to the law; it was a misdemeanor; and the court, having acquired jurisdiction of the person of the defendant, had jurisdiction of the case. So that the only question with which we have to deal is, whether, in the proceeding which resulted in the conviction and sentence of the defendant, the court kept within its jurisdiction.

Substantially the forms of law were complied with. The record shows that the defendant was properly charged with the commission of a public offense, that upon conviction the court, pursuant to section 1449 of the Penal Code, fixed February 6, 1883, as the time for pronouncing judgment, that on that day the defendant, being present with his attorney, moved in arrest of judgment and for a new trial, both of which were denied, and that the court " sentenced him to imprisonment for six months in the county jail."

The sentence was immediately entered in the minute or memo-

randum book, kept by the clerk of the court, from which a more formal judgment was afterward entered on the docket of the court. It is true the formal judgment was not entered on the judgment docket until the 26th of February, 1883, more than twenty days after the trial and conviction.    But as the sentence which was entered on the minutes of the court on February 6, 1883, showed the offense of which the defendant had been convicted and the penalty imposed, it was, as a judgment, legally sufficient.    It was not necessary that the entry of it on the minutes should recite the facts contained in the other papers constituting the record in the action.    (*In re Ring*, 28 Cal. 248; *Ex parte Murray*, 43 Cal. 455; *People* v. *Forbes*, 22 Cal. 135.)    It was sufficient that that was done subsequently, in the performance of the clerical duty of entering the judgment upon the docket.    At any rate, the judgment pronounced on the 6th of February was not void. It showed that the defendant had been tried and convicted of an offense known to the law; namely, attempted extortion; and that the sentence passed on him was one which the court had jurisdiction to pronounce.    (*Ex parte Gibson*, 31 Cal. 620.) And assuming that the judgment may have been voidable for want of adherence to some prescribed form of proceeding in the case, yet that was a matter reviewable only by appeal.    Although erroneous, imprisonment under it would not be unlawful.    It is only where the proceedings of an inferior court are void, either for want of jurisdiction or other cause, that imprisonment under a judgment rendered in them becomes unlawful and entitles a prisoner to be discharged on habeas corpus.

Writ dismissed and prisoner remanded.

THORNTON, J., and MYRICK, J., concurred.

ROSS, J.—I concur in the judgment.    The entry made in the minutes of the Police Court on the 6th of February showed the offense of which the petitioner was convicted and the sentence of the court; and that was sufficient to constitute a valid judgment.