## STATE v. BOWERS.

1. ATTEMPT TO COMMIT FELONY is an indictable offence, and soliciting another to commit arson, offering him a bribe so to do, and furnishing him with matches for the purpose, makes the offence complete.
2. SOLICITING ANOTHER TO COMMIT FELONY, accompanied by acts intended to promote its accomplishment, is an indictable offence.

Before HUDSON, J., Lexington, February, 1890.

Indictment against W. P. Bowers. This case was submitted on printed "Brief" and arguments. Mr. Justice Pope having been of counsel in the cause, took no part in the decision. The opinion fully states the case.

*Messrs. Nelson*, solicitor, and *C. M. Efird*, for the State, appellant.

Solicitation to commit a felony, accompanied by an overt act clearly showing the malicious intent of the person soliciting, is indictable in this State. 2 East, 5; Holt, 364; 10 Cox C. C., 459; 6 Mod., 99; 7 Conn., 266; 4 Hill (N. Y.), 133; 3 Pick., 26; 22 *Id.*, 476; 2 B. Mon., 417; 1 Bish. Cr. L. (7th edit.), §§ 767, 768, 768c; 4 Cranch C. C., 469; 1 Dana, 524; 2 Tyler, 212. The authorities contra are, 54 Penn., 209; 89 Ill., 192; 2 Whart. Cr. L. (7th edit.), § 2691. But the text of Wharton is not sustained by the cases cited by him.

[1] Ante, pps. 213 and 233.

*Messrs. Meetze & Muller* and *Johnstone, Wingard & Cromer,* contra.

February 11, 1892.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   The defendant was indicted for soliciting another to commit the crime of arson, the charge in the indictment being that the defendant "wilfully, unlawfully, and maliciously did solicit, entice, and endeavor to persuade one Thompson Mayer feloniously, wilfully, and maliciously to set fire to and burn down a certain house, to wit, the dwelling house of one Anderson G. Mayer, situate in the county and State aforesaid, by offering to pay him, the said Thompson Mayer, a certain sum of money, to wit, ten dollars, for so doing, and giving him the matches with instructions to use them in setting the said fire to the said house."

It is stated in the "Case" that defendant's counsel moved to quash the indictment, and it being admitted in the argument of that motion that the house had not been set on fire by said Thompson Mayer, the motion was granted.   The Circuit Judge, however, in his report appended to the "Case," says the motion was not, in the first instance, a formal motion to quash the indictment, but rather a proposal to have the ruling of the court upon a conceded state of facts.   Whereupon the Circuit Judge ruled as follows: "The indictment does not charge that money was given to Thompson Mayer as a bribe to burn the house of Andrew G. Mayer; nor does it allege that the solicitation was in any manner acceded to or accepted.   There is no allegation that there was in any manner the slightest movement made by Thompson Mayer towards committing the proposed arson.   It was conceded by the solicitor that he could not prove that the solicitation was accepted; but, on the contrary, it would appear in evidence that it was promptly rejected and exposed; that all that did occur was that Bowers promised to give Mayer ten dollars if he would burn the house, and handed him matches, with a request that he would burn the house, which request and promise were promptly refused, and that ended it."   His honor held "that a naked solicitation, promptly rejected, is wanting in the essential elements of

an *attempt* to commit a felony, and is not indictable." He there-
fore suggested that an order should be drawn quashing the in-
dictment, which was accordingly done.

From this ruling and order the State appeals upon the several
grounds set out in the record, which substantially make the sin-
gle question whether solicitation to commit a felony, accompanied
with an offer of a reward, and the furnishing of the means to
the party solicited, of committing the proposed felony, does not
constitute a criminal offence at common law, and as such is in-
dictable in the Court of Sessions of this State.   It is not denied
that an attempt to commit a felony is an indictable offence, and
therefore the inquiry here is narrowed down to the question
whether soliciting another to commit a felony, accompanied by an
offer of a reward and the delivery to the person so solicited of the
means by which the felony may be committed, constitutes an
attempt to commit a felony, where the offer is rejected and the
means furnished are not used for the purpose indicated.

There is no doubt that there is some conflict of authority as to
the question whether mere solicitation to commit a felony consti-
tutes of itself an attempt to commit the felony, one of the
leading text writers on criminal law, Wharton, denying
the proposition, while another standard text writer, Bishop,
supports it.   But we need not go into that question here ; for in
this case the offence charged does not consist of *mere* solicitation
to commit a felony, but it is accompanied with acts—offering a
bribe and furnishing the means with which the felony could be
committed ; and we think it is abundantly shown by the analysis
of the authorities presented in the argument of the counsel for
the State, that where the solicitation to commit the felony is ac-
companied by such acts as are here charged, the decided weight
of authority is in favor of the view that the offence is complete.

This is in accordance with reason as well as authority.   There
can be no doubt that a person may commit a felony either by his
own hand or by the hand of another prompted or encouraged by
him ; and if he undertakes to commit a felony by his own hand,
and his purpose is frustrated by the failure of the inanimate agen-
cies which he employs to serve his felonious purpose, he would
unquestionably be guilty of an attempt to commit a felony.   Upon

the same principle if, instead of undertaking with his own hand, to effect his felonious purpose, he undertakes to employ the agency of another, furnishing him with the means requisite to effect his purpose, and offering him an inducement to do so, the fact that such agent fails him, will not relieve him from responsibility for that which he not only intended to have done, but which he took the necessary steps to accomplish. If the failure of the inanimate agency to effect the purpose which he desired and intended to accomplish will not relieve him from responsibility for the felonious act which he attempted to perpetrate by the use of such agency, we do not see why the failure of his animate agent to carry out the purpose which he desired him to effect and furnished him with the means of effecting, should relieve him from like responsibility.

There is, however, another view of this case, which will equally support the conclusion at which we have arrived. It will be observed that the indictment (the material part of which is set out above) contains no formal charge of the offence known as an attempt to commit a felony, although it seems so to have been treated by the Circuit Judge, and hence we have so considered it in that light in what has been said above. On the contrary, the offence charged is the solicitation of another to commit a felony, which seems to be treated in some of the cases as a different offence from that of an attempt to commit a felony. In *Stabler* v. *Commonwealth* (95 Penn. St., 318; s. c., 40 Am. Rep., 653), the indictment contained several counts, of which only the first and sixth, upon which the conviction was had, need be noticed. In the first the defendant was charged with a felonious attempt to administer poison to one Waring with intent to commit the crime of murder; and in the sixth count he was charged with soliciting one Neyer to administer poison to said Waring. The testimony was that defendant solicited Neyer to put poison in Waring's spring, so that he and his family would be poisoned, offering him a reward for so doing, and handing him the poison, with directions how to use it. Neyer declined to have anything to do with it, and handed the poison back to defendant. Upon this testimony the court, adopting the views of Wharton as indicated above, held that the conviction on the first ground could

not be sustained, saying: "Merely soliciting one to do an act is not an attempt to do that act." But at the same time the court held that the conviction on the sixth count must be sustained, saying: "The conduct of the plaintiff in error as testified to by the witness undoubtedly shows an offence for which an indictment will lie without any further act having been committed."

In a note to the case just cited, the conflicting views of Wharton and Bishop above alluded to are stated, and several cases are cited showing that "solicitation to commit crime has often been punished as solicitation." We see also in standard authorities on criminal pleading forms of indictments for solicitation to commit a crime, as well as forms of indictments for attempts to commit felonies, which are distinct and different. Archbold's Criminal Pleading, 1st Am., from 1st Lond., edit., pages 238, 403; 2 Chitty Criminal Law, 50; and 3 Chitty, 807. If, therefore, the indictment in this case be regarded as an indictment for soliciting another to commit a felony, and not as an indictment for an attempt to commit a felony, we think it can be sustained if its allegations are established by the proof. *Rex* v. *Higgins*, 2 East, 5; *People* v. *Bush*, 4 Hill (N. Y.), 133; *State* v. *Avery*, 7 Conn., 266; and other cases cited in 1 Bishop Criminal Law, (7th edit.), section 767 *et seq.*

It seems to us, therefore, that the Circuit Judge erred in his ruling and in granting the motion to quash the indictment.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for trial.