[No. 974. Decided February 6, 1894.]

THE STATE OF WASHINGTON, *Appellant*, v. JAMES BUTLER, *Respondent*.

CRIMINAL LAW—SOLICITATION TO COMMIT ADULTERY.

Solicitation to commit adultery is not indictable as an attempt to commit the crime.

*Appeal from Superior Court, Douglas County.*

*E. K. Pendergast*, Prosecuting Attorney, and *James A. Haight*, for The State.

The opinion of the court was delivered by

SCOTT, J.—The defendant was charged with attempting to commit adultery, and was tried and convicted. The body of the information is as follows:

"Comes now E. K. Pendergast, prosecuting attorney for Douglas county, in the State of Washington, and by this, his information, as provided by law, charges one James Butler with the crime of attempting to commit adultery, in the following manner, to wit:

"He; the said James Butler, on the 3d day of September, A. D. 1892, in the county of Douglas and State of Washington, did, unlawfully, willfully, maliciously and feloniously intend then and there to have carnal knowledge of the body of one Caroline Skett, the lawful wife then and there of one Julius Skett, who was then alive; and the said James Butler, in pursuance of the said unlawful, willful, malicious and felonious intent, then and there, falsely, wickedly, unlawfully and maliciously, by means of promises of the payment of money and by direct invitation by word of mouth, and by laying on of hands by the said James Butler upon the person of the said Caroline Skett in a lewd and lascivious manner, and in the absence of all other persons, except the said James Butler and the said Caroline Skett, and by various other means, did solicit and incite and endeavor to persuade and procure the said Caroline Skett to have sexual intercourse then and there with him, the said James Butler, and the said James Butler was then and there the lawful husband of one certain person other than the said Caroline Skett, and whose true name is to said prosecuting attorney unknown. All of which is contrary to the statute in such case made and provided, and against the peace and dignity of the State of Washington."

A motion in arrest of judgment, on the ground that the information did not charge any offense, was made, which the court granted, and ordered the defendant discharged. The state appeals. No brief has been filed by the respondent. From the argument of appellant it seems that some question was raised as to whether adultery is a crime in this state, but without going into the question as to whether our statutes upon this subject, which were enacted while we were under a territorial form of government, were repealed by virtue of certain congressional legislation

affecting the territories, we will, for the purposes of this case, take it for granted that they are in force. No statement of facts was settled, and the testimony introduced at the trial is not here.

The only question presented and argued by appellant is as to whether solicitation to commit adultery is an attempt to commit adultery. It is not contended that Caroline Skett was a consenting party, or willing to commit the act with the defendant. The information contains no such allegation, and the case stands as though she was an unwilling and resisting party. It is not contended that there was any act on the part of the defendant going to an attempt beyond soliciting the said Caroline Skett, and endeavoring to obtain her consent. Is mere solicitation an attempt to commit adultery? It being impossible for one alone to commit adultery, as that requires the coöperation of two persons, it would seem to follow logically that one acting singly could not make an attempt. One person could no more attempt to commit adultery than he could attempt to commit a riot, which, under our statutes, requires the participation of three or more persons. The instances given in the books where the solicitation of another to commit a crime is held to be an offense generally relate to those acts or crimes which can be performed or committed by one person, or where the solicitation to commit the crime is an offense in itself, as distinguished from an attempt.

It is urged that a person may be convicted of adultery, or of an attempt to commit adultery, although not a direct participant in the act, by reason of aiding or abetting, but in such a case where an attempt is charged against such third person it should appear that there were two persons willing to commit the act of adultery, and that something was done in the way of an attempt.

The cases upon this subject are very limited in number.

The case of *State v. Avery*, 7 Conn. 266, cited by counsel for appellant, which was decided in 1828, does not sustain his contention. That case was based upon a letter sent by the defendant to the wife of another man, containing words importing that she had acted libidinously towards the writer, and inviting her to an assignation for adulterous purposes, and it was held that the writing and sending of such letter was libelous. It was further said that it was immaterial to inquire whether the facts stated in the information amounted to a libel, or a solicitation to commit a greater crime, for if they constituted an indictable offense within the jurisdiction of the superior court, it was sufficient for the purposes of that case. It was not decided that solicitation was an attempt to commit adultery.

In *Smith v. Commonwealth*, 54 Pa. St. 209, decided in 1867, it was held that such solicitation did not amount to an attempt. A distinction has been sought to be drawn in this particular to the effect that solicitation to commit adultery is indictable as an attempt in those states where adultery is a felony, which was the case in the State of Connecticut, while in Pennsylvania adultery was but a misdemeanor. The distinction attempted to be drawn, it seems to us, is not sound in principle. It is based on the ground that in trivial misdemeanors the law will look upon an attempt to commit them as not of sufficient gravity to justify or call for punishment. The decision of the case last cited, however, was not founded upon this distinction, although it recognizes the fact that such a one has been sometimes made, in citing *State v. Avery*. The court evidently entertained a different view. The opinion says:

"An attempt to commit a misdemeanor is a misdemeanor, whether the offense is created by statute, or was an offense at common law. These were the words of Baron PARKE, in the case of *Rex v. Roderick*, 7 C. & P. 795, delivered in the year 1837. They have been adopted by the compilers

on criminal law: 1 Russ. on Crimes, 46; 1 Arch. Crim. Plead. & Ev. 19; Wharton's Crim. Law, 79, 873."

And apparently this had the sanction of the court. The reasons given in that case, showing why solicitation should not be held an attempt to commit adultery, apply with equal force whether adultery be a misdemeanor or a felony. These relate to the difficulty of determining what is a solicitation.

"What expressions of the face," says the court, "or double *entendres* of the tongue are to be adjudged solicitation? What freedoms of manners amount to this crime? Is every cyprian who nods or winks to the married men she meets upon the sidewalk indictable for soliciting to adultery? And could the law safely undertake to decide what recognitions in the street were chaste and what were lewd? It would be a dangerous and difficult rule of criminal law to administer."

If adultery is a crime in this state it is a felony, and if solicitation is an attempt to commit adultery it is a criminal offense here. Sec. 303, Penal Code. It will be observed that this section makes no distinction between an attempt to commit a felony and an attempt to commit a misdemeanor, except as to the degree of punishment, and the distinction above mentioned could not be recognized here even if adultery was but a misdemeanor under the statutes. It may be well to note, however, what some of the courts and law writers have said relating to the subject under consideration.

In the case of *Commonwealth v. Willard*, 22 Pick. 476, it was held that the purchaser of spirituous liquor sold in violation of the statute does not subject himself to any penalty, either at common law as inducing the seller to commit a misdemeanor, or under the statute. It was said in that case:

"It is difficult to draw any precise line of distinction between the cases in which the law holds it a misdemeanor

to counsel, entice or induce another to commit a crime, and where it does not. In general, it has been considered as applying to cases of felony, though it has been held that it does not depend upon the mere legal and technical distinction between felony and misdemeanor. One consideration, however, is manifest in all the cases, and that is, that the offense proposed to be committed, by the counsel, advice or enticement of another, is of a high and aggravated character, tending to breaches of the peace or other great disorder and violence, being what are usually considered *mala in se*, or criminal in themselves, in contradistinction to *mala prohibita*, or acts otherwise indifferent than as they are restrained by positive law.''

In the case of *Commonwealth v. Harrington*, 3 Pick. 26, it was held that the letting of a house for the purposes of prostitution, with the intent that it should be thus used, was an offense at the common law. The keeping of such a disorderly house was not a felony, but a misdemeanor of a high and aggravated character, tending to general disorderly breaches of the peace, and a common nuisance to the community. There was no statute in Massachusetts relating to it.

In Wharton, Crim. Law (9th ed.), § 179, in speaking of solicitations, the author says:

''Are solicitations to commit crime independently indictable? They certainly are, as has been seen, when they in themselves involve a breach of the public peace, as is the case with challenges to fight and seditious addresses. They are also indictable when their object is interference with public justice; as where a resistance to the execution of a judicial writ is counseled; or perjury is advised; or the escape of a prisoner is encouraged.'' ''But,'' says the author, ''is a solicitation indictable when it is not either—(1) A substantive indictable offense, as in the instances just named, or (2) a stage towards an independent consummated offense?'' And he says, '' the better opinion is that, where the solicitation is not in itself a substantive offense, or where there has been no progress made towards the consumma-

tion of the independent offense attempted, the question whether the solicitation is by itself the subject of penal prosecution must be answered in the negative."

And he maintains that solicitation is not an attempt to commit adultery. In speaking of the subject further, he says:

"For we would be forced to admit, if we hold that solicitations to criminality are generally indictable, that the propagandists, even in conversation, of agrarian or communistic theories are liable to criminal prosecutions; and hence the necessary freedom of speech and of the press would be greatly infringed. It would be hard, also, we must agree, if we maintain such general responsibility, to defend, in prosecutions for soliciting crime, the publishers of Byron's 'Don Juan,' of Rousseau's 'Emile,' or of Goethe's 'Elective Affinities.' Lord Chesterfield, in his letters to his son, directly advises the latter to form illicit connections with married women; Lord Chesterfield, on the reasoning here contested, would be indictable for solicitation to adultery. Undoubtedly, when such solicitations are so publicly and indecently made as to produce public scandal, they are indictable as nuisances or as libels. But to make bare solicitations or allurements indictable as *attempts*, not only unduly and perilously extends the scope of penal adjudication, but forces on the courts psychological questions which they are incompetent to decide, and a branch of business which would make them despots of every intellect in the land. What human judge can determine that there is such a necessary connection between one man's advice and another man's action, as to make the former the cause of the latter? An *attempt*, as has been stated, is such an intentional preliminary guilty act as will apparently result, in the usual course of natural events, if not hindered by extraneous causes, in the commission of a deliberate crime. But this cannot be affirmed of advice given to another, which advice such other person is at full liberty to accept or reject. Following such reasoning, several eminent European jurists have declined to regard solicitations as indictable, when there is interposed between the bare solicitation on the one hand, and the proposed illegal act

on the other, the resisting will of another person, which other person refuses assent and coöperation.''

In a somewhat later work, 1 Bishop, Crim. Law (7th ed.), a partially contrary view is indorsed. This author goes farther. In § 768, he says:.

''Though, to render a solicitation indictable, it is, as in other attempts, immaterial in general whether the thing proposed to be done is technically a felony or a misdemeanor; still, as the soliciting is the first step only in a gradation reaching to the consummation, the thing intended must, on principles already explained, be of a graver nature than if the step lay further in advance.''

He is of the opinion that solicitation is an attempt to commit adultery as a necessary step or ingredient in the offense. Sec. 767.

The question is a somewhat vexed one under the conflict of authorities relating to the various phases of the subject. The inquiry in this case is not whether solicitation to commit adultery is an offense in itself of a distinct character, but whether it is an offense because it is an attempt to commit adultery. The instances of such solicitation which have been brought to the attention of the courts are but few indeed, extending over a long period of years, but resort can be had to some of a kindred nature, or perhaps more properly, which have a bearing on some of the principles involved.

In the case of *Rex v. Butler*, 6 Car. & P. 368, decided in 1834, sometimes cited, it was said, ''An attempt to commit a misdemeanor created by statute is a misdemeanor itself,'' citing *Rex v. Harris*, 6 Car. & P. 129. In *Shannon v. Commonwealth*, 14 Pa. St. 226, it was held that a conspiracy to commit adultery was not an offense. And in *Miles v. State*, 58 Ala. 390, a similar decision was arrived at. Adultery was but a misdemeanor, however, in that state also, though it is not apparent that any importance was attached to this fact in either of these cases. In

*Cox v. People*, 82 Ill. 191, it was held that solicitation to
commit incest was not an attempt to commit the crime of
incest, which was a felony.     We have not failed to note
the criticism of this case, and the citation it relies on from
Wharton's Crim. Law above quoted by Mr. Bishop in his
valuable work.     But the case also relies on *Smith v. Com-
monwealth*, and *Commonwealth v. Willard*, *supra*, and these
cases are authority as we view them, with other authorities
herein cited, on the ground that the distinction mentioned
sometimes drawn between attempts to commit felonies and
attempts to commit misdemeanors, or between attempts to
commit grave as distinguished from trivial misdemeanors,
is not a well established one, nor well founded when viewed
merely as an attempt and not as a substantive offense.

Now it seems to us that solicitation to commit adultery
is no part of the act of adultery itself, and consequently
cannot be held to be an attempt.     What is it?  It in-
volves the expression of a desire and a willingness on
the part of one person to commit the act of adultery
with another, and an attempt to get that person's con-
sent, but no more.     Follow it a step farther.     Suppose
the consent of the other person is obtained, and in pursu-
ance of it, if there is no immediate opportunity to gratify
the then mutual desire, a conspiracy is entered into to
commit the offense between these persons, which involves
the expressed consent and agreement of both of them, and
some understanding between them as to when and where
the offense shall be committed, and the naming of a pro-
pitious time and place to commit it.     It seems that this
would be much more in the way of an attempt than the
case presented here, and if that does not amount to an
offense or an attempt, how can it be said that such an in-
tention and willingness, coupled with solicitation upon the
part of one person only, can amount to an attempt to com-
mit the offense?

We are of the opinion that the judgment of the superior court should be affirmed.

DUNBAR, C. J., and HOYT, STILES and ANDERS, JJ., concur.