JESSE McEWING *v*. THE STATE.

(*Nashville.*   December Term, 1915.)

**RAPE.   Statutory rape.   "Attempt."   Indictment.**

Acts 1893, chapter 129, section 1, as amended by Acts 1901, chap-
ter 19, and Acts 1911, chapter 36, provides that unlawful carnal
knowledge of a female under the age of consent is a felony.
Shannon's Code, section 6471, provides that any person as-
saulting another with intent to commit, or otherwise attempt
to commit, any felony or crime punishable by imprisonment
in the penitentiary, when the punishment is not otherwise pre-
scribed, shall, on conviction, be punished, etc.   An indictment
charged that defendant feloniously attempted to carnally know
a female under the age of consent in that he feloniously as-
saulted her by putting his hand on her private person and
exposed to her his penis, and by the offer of money and by
words, and excitation endeavored to induce her to permit car-
nal knowledge.   *Held*, that while mere solicitation is not
enough, and there must be some act evidencing not only a
purpose to commit the crime but indicating the beginning of
its execution, the indictment charged an "attempt," which is
an attempt to commit a crime, an act done in part execution
of a criminal design with intent to commit, but which falls
short of active consummation (citing Words and Phrases,
Second Series, Attempt).

Acts cited and construed:   Acts 1893, ch. 129, sec. 1;   Acts 1901,
ch. 19;   Acts 1911, ch. 36.

Cases cited and approved:   Cox v. People, 82 Ill., 191;   State v.
Goodrich, 84 Wis., 359;   State v. Harney, 101 Mo., 470;   Hicks
v. Commonwealth, 86 Va., 223;   State v. Avery, 7 Conn., 266;
Nider v. Commonwealth, 140 Ky., 684;   State v. Doran, 99 Me.,
329;   People v. Du Veau, 105 App. Div., 381;   State v. Thomp-
son, 31 Nev., 209;   Hogan v. State, 50 Fla., 86;   State v. Rim-
mer, 129 Tenn., 383;   Rafferty v. State, 91 Tenn., 655.

McEwing v. State.

Cases cited and distinguished:    State v. Butler, 8 Wash., 194;
   Smith v. Commonwealth, 54 Pa., 209;   Glover v. Commonwealth,
   86 Va., 382.

Codes cited and construed:    Sec. 6471 (S.).

FROM DAVIDSON

Error to the Criminal Court of Davidson County.—
A. B. NEIL, Judge.

JAS. P. ATKINSON, for plaintiff in error.

W. H. SWIGGART, JR., Assistant Attorney-General,
for the State.

MR. CHIEF JUSTICE NEIL delivered the opinion of the
Court.

The plaintiff in error was arraigned and convicted
under the following indictment (omitting the formal
parts):

"That Jesse McEwing . . . on the 18th day of
April 1915, . . . unlawfully and feloniously did
attempt to commit the crime and felony of unlawfully,
feloniously, and carnally knowing a female over the
age of twelve years, and under the age of twenty-one
years, in this: That the said Jesse McEwing . . .
on the 18th day of April, 1915, in the county aforesaid,
unlawfully and feloniously did make an assault upon
the body of one Bertha Black, she, the said Bertha

Black, being then and there over the age of twelve years and under the age of twenty-one years; by then and there seizing the said Bertha Black and putting his hand upon the private person of the said Bertha Black, and did then and there expose and exhibit to the said Bertha Black the penis of him, the said Jesse McEwing, and endeavor to persuade her, the said Bertha Black, to touch and take into her hand his penis; and did then and there by offer of money, and by words, and by excitation of the sexual passion of the said Bertha Black, endeavor to persuade and induce her to let him, the said Jesse McEwing, then and there have unlawful carnal knowledge of her, the said Bertha Black."

The "Age of Consent Law" reads:

"Any person who shall unlawfully or carnally know a female over the age of twelve and under the age of twenty-one years, shall be guilty of a felony, in all cases not falling under the statutes relating to rape, and on conviction shall be confined in the penitentiary not less than three nor more than ten years: Provided, that no conviction shall be had for said offense, on the unsupported testimony of the female in question; and provided, that the provisions of this act relative to females over twelve years shall not apply in cases in which the defendant and female in question occupy the relation of husband and wife at the time of such carnal knowledge; provided, further, that evidence of the female's reputation for want of chastity at and before the time of the commission of the alleged offense shall be admissible in behalf of the defendant, but this proviso

shall only apply when the female is over fourteen years of age; provided, further, that nothing in this act shall authorize or warrant a conviction when the female over twelve years of age is, at the time and before the carnal knowledge a bawd, lewd, or kept female." Act of 1893, chapter 129, section 1, as amended by Acts of 1901, chapter 19, and Acts of 1911, chapter 36.

Our statute on the subject of attempts reads:

"If any person assault another with intent to commit, or otherwise attempt to commit, any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years, or by imprisonment in the county jail not more than one year and by fine not exceeding five hundred dollars, at the discretion of the jury." Shannon's Code, section 6471.

There was a motion to quash the indictment, which was overruled in the trial court, and error is assigned here on this point. The question thus arising is whether the indictment states a crime under the section of the Code just quoted. We are of the opinion that it does. The weight of authority, in respect of crimes of the character now before us, is that mere solicitation is not sufficient. *State* v. *Butler*, 8 Wash., 194, 35 Pac., 1093, 25 L. R. A., 434, 40 Am. St. Rep., 900; *Smith* v. *Commonwealth*, 54 Pa., 209, 93 Am. Dec., 686; *Cox* v. *People*, 82 Ill., 191; *State* v. *Goodrich*, 84 Wis., 359, 54 N. W., 577; *State* v. *Harney*, 101 Mo.,

470, 14 S. W., 657; *Hicks* v. *Commonwealth*, 86 Va., 223, 9 S. E., 1024, 19 Am. St. Rep., 891. But a different view seems to be taken in *State* v. *Avery*, 7 Conn., 266, 18 Am. Dec., 105. The majority of the cases agree that there must be some overt act, evidencing, not only a purpose to commit the crime, but indicating the beginning of its execution. There is some difference of opinion as to what acts indicate the commencement of the perpetration of the crime, as distinguished from mere acts of preparation for its commission. As to such a matter it is clear that every case must be considered on its own facts. 8 Ruling Case Law, p. 278.

In the case before us we think the facts recited in the indictment show such beginning. They indicate a course of conduct tending directly towards the commission of the crime of having unlawful carnal knowledge of the female, and which would have so resulted but for her failure to respond to the plaintiff in error's acts, her refusal to accede to his request, and her repulse of him.

The substance of the crime legislated against in the Acts of 1893, 1901, and 1911, is the having unlawful carnal knowledge of a female beween stated ages. It is assumed that such act is with the actual consent of the female, but the law deprives her of the power of giving, so to speak, a lawful consent; that is, a consent effective to exonerate the defendant from legal wrong. If such attempt should be made without regard to the actual will or wishes of the female, the assault with intent to have unlawful carnal knowledge

would be an assault with intent to commit rape, and so would fall under a section of the Code other than section 6471, which we have quoted; that is, under section 6459. So an assault, or any other form of attempt to have unlawful carnal knowledge of a female under the age of lawful consent, as stated, assumes an effort to obtain her lawless consent, as well as some overt act indicating a present purpose to have such unlawful carnal knowledge. The facts recited in the indictment bring the case within this description.

"An attempt in criminal law," said the supreme court of Virginia, in *Glover* v. *Commonwealth,* "is an apparent unfinished crime, and hence is compounded of two elements, viz.: (1) The intent to commit a crime; (2) a direct act done towards its commission, but falling short of the execution of the ultimate design. It need not, therefore, be the last proximate act to the consummation of the crime in contemplation, but it is sufficient if it be an act apparently adopted to produce the result intended." 86 Va., 382, 387, 388, 10 S. E., 420.

The following definitions from Words and Phrases, Second Series, are in accord:

"An attempt to commit a crime is an act done in part execution of a criminal design with intent to commit, but which falls short of active consummation"— citing *Nider* v. *Commonwealth,* 140 Ky., 684, 131 S. W., 1024, 1026, Ann. Cas., 1913E, 1246; *State* v. *Doran,* 99 Me., 329, 59 Atl., 440, 441, 105 Am. St. Rep., 278

(quoting 1 Bish. Cr. Law, section 728); *People* v. *Du Veau,* 105 App. Div., 381, 94 N. Y. Supp., 225, 226.

''An attempt to commit a crime contains three elements—the intent, the performance of some act towards its commission, and failure of consummation. *State* v. *Thompson,* 31 Nev., 209, 101 Pac., 557, 559.

''In an indictment for an attempt to commit a crime, it is essential to aver that the defendant did some act which, directed by a particular intent, to be averred, would have apparently resulted in the ordinary and likely course of things in a particular crime. *Hogan* v. *State,* 50 Fla., 86, 39 South., 464, 465, 7 Ann. Cas., 139.''

In *Smith* v. *Commonwealth,* supra, the indictment was for an attempt to commit adultery, but it charged no act, simply solicitation, that he ''did unlawfully and wickedly solicit and incite, and endeavor to persuade, the said Rachel Dooman, etc.'' In holding the indictment bad, Chief Justice Woodward pointedly said:

''It is observable that no assault or overt act is charged—no writing, or picture, or indecent exposure of person is alleged, nothing indeed is suggested but mere solicitation.''

In *State* v. *Butler,* supra, the general doctrine was discussed that mere solicitation to commit adultery is not an attempt to commit the crime, and accordingly the indictment under examination in that case was held bad, but the court made no comment on, or even reference to, the language contained in the indictment that Butler placed his hands ''upon the person of the said

Caroline Skett in a lewd and lascivious manner.'' This averment occurred, among others, charging persuasion ''by word of mouth,'' and by the offering of money. The opinion would have been more satisfactory if the *act* just mentioned had been referred to and directly considered.

In *Glover* v. *Commonwealth,* supra, the evidence showed: ''That the prisoner led the prosecutrix, a girl under twelve years of age, into a stable, and there laid her down, pulled up her clothes and got on her. . . . It is certified, however, as having been *proved* at the trial, that 'there was no penetration or attempt to penetrate, and that the prisoner freely and voluntarily abandoned any attempt he had made to rape the prosecutrix, without any interruption or interference on the part of any third person.' . . . In the course of her examination as a witness before the jury, the little girl testified that the prisoner offered her an apple if she would go to the stable with him, and that although she wanted the apple, she did not want to go with him, but that he took her by the hand and pulled her along. . . . He unbuttoned his pants and exposed his person before getting on her.''

Speaking to these facts the court said:

''When the prisoner took the prosecutrix into the stable, and there did the acts above mentioned, the attempt to commit a rape was complete, for there was the unlawful intent accompanied by acts done towards the commission of the intended crime, but falling short of its commission. Indeed, it is not denied that there was

such attempt, but it is contended—and such was the main defense at the trial—and that the subsequent voluntary abandonment of the . . . purpose cleansed the prisoner of all crime, so far as the attempt was concerned. But this is a mistaken view. For on the contrary, it is a rule, founded in reason and supported by authority, that if a man resolves on a criminal enterprise, and proceeds so far in it that his act amounts to an indictable attempt, it does not cease to be such, though he voluntarily abandons the evil purpose.''

The applicability of the case as a precedent on the question of attempts to commit crimes of the character we have under consideration is not impaired by the decision of the Virginia court, to the effect that the attempt to carnally know a girl under twelve years, whether with or without her consent, is in legal contemplation an attempt to commit rape, ''because such a girl is legally incapable of consenting to the carnal act, and such an attempt as has been proven here.''

Females between the ages of twelve and twenty-one years are incapable of giving a lawful consent to their own defilement, but the law recognizes the defilement of such females, if accomplished without force, or with their actual though not legal consent, as an offense distinct from rape, and punishable by a penalty far less severe; such offense being punishable by confinement in the State penitentiary for a term of from three to ten years, while the penalty for the crime of rape is death (Shan. Code, section 6452), subject to com-

mutation by the jury trying the case to confinement in the penitentiary for a period of not less than ten years. The attempt to obtain carnal knowledge of a female by her consent, when she is incapable of giving a legal consent, must be the same thing in substance, whether the punishment be greater or less, according to the age of the female.

We have no reported case in this State dealing directly with the point involved herein; however, the case of State v. Rimmer, 129 Tenn., 383, 164 S. W., 1148, has a general bearing since it was there held that an attempt to have carnal knowledge of a female incapable of giving consent, being of extreme youth (in that case nine years) was punishable under Shannon's Code, section 6471; the same section under which we hold in the case now before us that the plaintiff in error is punishable.

The subject of attempts to commit crimes was considered in this State in the case of Rafferty v. State, 91 Tenn., 655, 16 S. W., 728. Some doubts cast on the matter by a few of our earlier cases were there removed. We need do no more than refer to that case for the views held here on the general subject.

The facts in this case fully sustain the averments of the indictment. It appears that the little girl was a child of fourteen years. She and her two little sisters, one aged ten and the other twelve, had gone into the woods not far from their home to gather wild flowers. While there they encountered plaintiff in error, who,

McEwing v. State.

on pretense of assisting them in plucking the flowers, got in touch with the fourteen year old girl, and the other events happened as stated in the indictment, but are shown more in detail in the evidence.

There is no error in the judgment of the trial court, and it must be affirmed.