## J. M. NELMS et al. v. STATE.

No. 4791.   Opinion Filed July 11, 1925.
(237 Pac. 870.)

R. L. Lawrence and John F. Thomas, for plaintiffs in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error will be referred to as defendants, as in the court below.

. The defendants were informed against in the county court of Caddo county for the crime of attempted extortion under section 2134, Comp. St. 1921, which offense, under section 2139, Comp. St. 1921, is made a misdemeanor.

The case has not been briefed either by defendants or the state. We have nevertheless examined the record, which discloses the theory of the state to be that the defendants conspired and acted together to procure one J. W. Marshall to pay them $1,000, under a threat to arrest and prosecute him for the illegal possession of narcotics. The evidence shows that the defendant Lois Pittman had been intimate with Marshall, who was an old man possessed of some means, and living on a farm near Cement. She went to the premises of Marshall and apparently spent the night at his barn or barnyard. The defendant Nelms was an acquaintance of the defendant Pittman, and was her bondsman in a case pending in Pittsburg county. He appeared at the Marshall home the next morning, saw Marshall, and inquired about the defendant Pittman. While there is considerable conflict in the testimony at this point, it appears that he, under the direction of the defendant Pittman, found two small paper sacks of white powder concealed near the barn, and designated by the parties as "dope," and in the conversation the evidence of the state is that, if Marshall would pay them $1,000, the defendant Pittman would take the blame for the possession of the "dope," and Marshall would not be molested. The defendants and Marshall then went to Cement, where Marshall attempted to procure the $1,000, but failed, and the defendants were then apprehended through the intervention of a son-in-

law of Marshall, from whom he had attempted to procure the $1,000.

The evidence fairly supports the theory of the state, and from it the jury were fully warranted in finding the guilt of the defendants as charged. There are no exceptions to the instructions, very few objections were taken in the course of the trial, and we perceive nothing in the record that would warrant a reversal.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.