**218 P.2d 865**

**STATE v. REINOEHL.**

**No. 7509.**

Supreme Court of Idaho.

Nov. 4, 1949.

On Rehearing May 19, 1950.

W. L. Dunn, Twin Falls, for appellant.

Robert E. Smylie, Attorney General, J. R. Smead, Asst. Atty. Gen., E. M. Sweeley, Twin Falls, Graydon W. Smith, Twin Falls, for respondent.

GIVENS, Justice.

Appellant was prosecuted and convicted under an information charging attempted extortion as follows:

"That the said Orville Reinoehl at and in the County of Twin Falls, and State of Idaho, and on or about the 13th day of September, 1948, did then and there wilfully, unlawfully and feloniously attempt to extort $1,000 lawful money of the United States from one O. A. Rambo, in that he, the said Orville Reinoehl, feloniously intending to extort the said money by obtaining the consent of the said O. A. Rambo to the payment thereof by fear, induced by the threat of the said Orville Reinoehl that unless the said money was paid to him, the City Council of the City of Twin Falls would on September 13, 1948, without cause revoke all slot machine licenses issued by the said City to the said O. A. Rambo for slot machines operated in his place of business in the said City, and thereby cause him great financial loss, did then and there intentionally, unlawfully and feloniously for the purpose of carrying out and completing the said attempt to extort the said money from the said O. A. Rambo, make the said threat verbally to the said O. A. Rambo and did thereby, so far as he the said Orville Reinoehl knew, succeed in obtaining, and did intentionally, unlawfully and feloniously so obtain, receive and take $1,000 in lawful money of the United States from the said O. A. Rambo, he the said Orville Reinoehl believing and acting on the belief that the payment of the said money by the said O. A. Rambo was by him consented to and made because of fear of the injury to his business induced by the said threat, but that, unknown to the defendant, the said O. A. Rambo consented to make and did make the said payment for the purpose of allowing the defendant to complete and carry out his said felonious intent to so obtain the said money, and to succeed in obtaining and taking the same so that he might be prevented or intercepted in the perpetration of the said extortion."

Appellant's assignments of error all raise but one point, and that is that an *attempt* to extort money or property from another by a verbal threat is a misdemeanor and punishable as such only under Sec. 18-2808, I.C.,[1] urging that the information

---

1. "Every person who unsuccessfully attempts, by means of any verbal threat; such as is specified in this chapter, to extort money or other property from another, is guilty of a misdemeanor." Section 18-2808 I.C.

herein so charges. Section 18-2808, I.C. makes an *unsuccessful* attempt by verbal threats an offense. The amended information did not charge appellant with this offense, but with *attempt* to commit extortion.

█ An attempt is a grade lower than a completed offense, People v. Anderson, 1 Cal.2d 687, 37 P.2d 67; Correspondingly, an unsuccessful attempt is a grade lower than attempt, and the courts have consistently recognized this difference. State v. Donovan, 5 Boyce 40, 28 Del. 40, 90 A. 220.

"The law has declared * * * many actions to be misdemeanors where the purpose of the offender was not consummated, although, if consummated, it would have been only offense of this grade." Lamb v. State, 67 Md. 524, 10 A. 208, at page 209.

"In some cases acts preparatory to the commission of a crime are themselves a crime and indictable as such and not as an attempt to commit the crime. Decisions based upon the doing of such acts, as constitute a substantial crime in themselves, should be distinguished from those decisions which hold certain acts to be crimes only on the ground that they are attempts to commit crimes. As examples of cases where the doing of certain preliminary acts which look to the commission of certain crimes are regarded per se as indictable, as substantive crimes and not property as attempts to commit the future crime contemplated, I may refer to the carrying of concealed weapons. Whether or not carried with the specific purpose of being used to assail a particular individual, this is a substantive crime and should be indicted as in itself a crime and not as an attempt to commit a crime, even though they were carried with the specific intent of assailing a certain person. So the procuring of dies wherewith to counterfeit is an indictable offense per se, and should be indicted as an independent misdemeanor and not as an attempt to counterfeit. It is on this ground that the conclusion reached in Rex v. Roberts, 33 Eng. Law & Eq. 553 (Dears, 539) can be sustained." State v. Baller, 26 W.Va. 90, 53 Am.Rep. 66, at page 70. State v. Bowers, 35 S.C. 262, 14 S.E. 488, 15 L.R.A. 199, 28 Am.St. Rep. 847, at page 849; Hicks v. Commonwealth, 86 Va. 223, 9 S.E. 1024, 19 Am. St. Rep. 891.

█ It was unnecessary for the Legislature to provide in the Chapter on extortion, for attempted extortion, since that was already provided for in the general Section, Sec. 18-306, I.C., State v. Downing, 23 Idaho 540, 130 P. 461.

The sentence pronounced in this case of not more than two and a half years is in accordance with Sec. 18-2803, I.C. and Sec. 18-306, I.C.

Judgment is, therefore, affirmed.

HOLDEN, C. J., TAYLOR and KEE-TON, JJ., and SUTTON, District Judge, concur.

On Rehearing.

KEETON, Justice.

Appellant was by order of the probate court of Twin Falls County, after preliminary hearing, held to answer for "attempted extortion, a felony", and thereafter was informed against in the district court for feloniously attempting by verbal threats to extort $1000.00 lawful money of the United States from one A. O. Rambo.

Conviction was sustained on appeal by a decision released under date of November 4, 1949. Thereafter a rehearing was granted, and questions argued were by the court re-examined.

Prior to the trial of the appellant in the distrct court, a motion to quash the information as amended and a demurrer to the same on numerous grounds were by the trial court overruled.

The appellant assigns numerous alleged errors, only one of which will be discussed.

The appellant contends that he was held to answer and charged with attempted ex-tortion by verbal threats as defined by Sec. 18-2808, I.C.,[1] and should have been tried in the probate court for which reason the probate court had no jurisdiction to hold him for trial in the district court, and that the district court was without jurisdiction to try him unless the proceedings were initiated there.

Sec. 18-2808, I.C. defines attempted extortion by verbal threats to be a misdemeanor without prescribing any punishment. It is therefore covered by Sec. 18-113, I.C.[2]

The code, Sec. 18-2801, to and including 18-2808 I.C. covers the entire field of extortion. All acts and situations out of which an extortion or an attempt to extort could arise have been defined. All situations having been covered leaves Sec. 18-2808, I.C. with nothing more or nothing less than a definition of an attempt. This being the situation, the provisions of Sec. 18-306, I.C.[3] are not applicable and the punishment prescribed by Sec. 18-113, I.C. applies.

We can see no distinction between an attempt and an unsuccessful attempt. If

1. Sec. 18-2808, I.C. "Every person who unsuccessfully attempts, by means of any verbal threat, such as is specified in this chapter, to extort money or other property from another, is guilty of a misdemeanor."

2. Sec. 18-113, I.C. "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor, is punishable by impris-onment in a county jail not exceeding six months, or by a fine not exceeding $300, or by both."

3. Sec. 18-306, I.C. "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, *where no provision is made by law for the punishment of such attempts * * *.*" (Emphasis supplied.)

the attempt were successful, it would necessarily follow that the crime charged would have been completed. Written attempts to extort money are covered specifically in Sec. 18-2804 and 18-2805, I.C., and the entire field of extortion and attempt to extort is covered by Sec. 18-2801 to 18-2808.

In other words, unsuccessful attempt to commit extortion by means of a verbal threat would in the absence of Sec. 18-2808, I.C., be punishable under Sec. 18-306, I.C. because it (Sec. 18-2808) defines nothing other than an attempt. Hence, Sec. 18-306 by its own terms is not applicable.

Sec. 18-2808, I.C. is apparently copied from an early California statute. Among other states that have a similar statute are North Dakota and Utah. California, in the year 1929, amended the statute and increased the punishment. Kerr's Penal Codes of California, Sec. 524.

In the case of Ex parte Raye, 63 Cal. 491, the defendant was convicted under this section, prior to amendment, in the police court of Sacramento, having been charged with attempted extortion by means of verbal threats. The Supreme Court of California held that the offense was a misdemeanor and upheld the sentence covered by the misdemeanor statute.

In the case of State v. Prince, 75 Utah 205, 284 P. 108, the court held that had the crime not been completed, that is, if only an attempt had been made, the crime itself would be a misdemeanor punishable under a similar statute as the Idaho statute.

In the opinion the court quotes a section of the statute reading the same as the Idaho statute, and upholds an instruction advising the jury that the defendant could be convicted of an attempt to commit extortion and specifically holds that if unsuccessful, would be a misdemeanor.

"Attempt" is defined by Webster's New International Dictionary as an unsuccessful effort. In legal significance attempt means failure to consummate.

Sec. 18-306, I.C. specifically fixes the punishment for the attempt to commit a crime *where no provision is made by law for the punishment of such attempt.*

Where the law itself defines the crime and also fixes a penalty for the attempt to commit such crime, Sec. 18-306, I.C. has no application.

■ This court has held that the district court cannot acquire jurisdiction of a misdemeanor, which is within the jurisdiction of the justice court, through the process of preliminary examination and information of the prosecuting attorney. State v. Raaf, 16 Idaho 411, 101 P. 747. We adhere to this rule. In this case, however, the complaint in the probate court and the information in the district court purport to charge a felony under Sec. 18-306, I.C. The probate court held defendant to answer in the district court for a felony. The district court entertained

jurisdiction as of a felony. It denied defendant's motion to quash the information on the ground that it charged only a misdemeanor. Thus the court determined its own jurisdiction, which it could, and, under the circumstances, was required to do. Robinson v. Robinson, Idaho, 212 P.2d 1031. The issue did not involve the general jurisdiction of the district court conferred by the constitution, Art. 5, Sec. 20. Under this provision it has concurrent original jurisdiction with the justice court in misdemeanors. Fox v. Flynn, 27 Idaho 580, 150 P. 44. What was involved on the motion to quash was the procedural jurisdiction of the district court, under statutes providing rules of procedure pursuant to Art. 1, Sec. 8, and Art. 5, Sec. 13 of the constitution. The cause itself being within the court's general jurisdiction, the procedural error was one which the court had jurisdiction to commit, and did not ipso jure render its subsequent proceedings void. Such being the record, the judgment will not be reversed in the absence of prejudice to a substantial right of the defendant. Sec. 19-2819, I.C. Here there is no showing of prejudice.

In State v. Garde, 69 Idaho 209, 205 P.2d 504, the question here present was not raised. On the second appeal, State v. Garde, Idaho, 212 P.2d 655, the order for imposition of sentence for misdemeanor was held to be the law of the case. So neither that case nor this is to be regarded as in conflict with State v. Raaf, supra.

The judgment is modified by vacating the sentence for a felony. And the cause is remanded to the trial court with directions to impose sentence for a misdemeanor.

TAYLOR, J., and SUTTON, District Judge, concur.

GIVENS, Justice (dissenting).

The substance of appellant's attack, on rehearing, of the opinion is that Section 18-2808, I.C. simply defines an attempt and does not mean what it says, "unsuccessful attempt," and that there is no difference between an "attempt" and an "unsuccessful attempt," and dismisses the presence of the word "unsuccessful" in the statute as surplusage and its effect disregarded.

Of course, where the whole context of a statute or the clearly disclosed legislative intent requires, words may be disregarded as surplusage or interpolated and meanings changed or harmonized; but if a statute is not ambiguous, is clear and express in its provisions, it needs no interpretation; Moody v. State Highway Dept., 56 Idaho 21, at page 26, 48 P.2d 1108; State v. Prince, 64 Idaho 343, at page 349, 132 P.2d 146; State ex rel. Haworth v. Berntsen, 68 Idaho 539, 200 P.2d 1007, and the court may not change the meaning of or disregard the language used. State ex rel. Anderson v. Rayner, 60 Idaho 706, at page 713, 96 P.2d 244.

Section 18-2808, I.C. is thus clear, concise and unambiguous and defines a crime

368

clearly recognized by all the authorities as a substantive offense, distinct from attempt. Further, attempt is governed as to penalty by a different statute.

Appellant does not meet, refute or distinguish the authorities cited in the opinion that the legislature may legitimately recognize the distinction between and make each a separate offense, i. e., attempt and unsuccessful attempt.

We do not mean to foreclose ourselves from holding that attempt may not encompass an unsuccessful attempt, but we do appreciate and hold the Legislature may and has by Section 18-2808, I.C. made such distinction—no doubt to embrace every possible contingency; Lamb v. State, 67 Md. 524, 10 A. 208, 298, in connection with the elusive crime of extortion. While Section 18-304, I.C. might have been adequate, the Legislature evidently intended to remove all doubt and thus enacted Section 18-2808, I.C.

These additional authorities support our analysis of the statutes; that a distinction may logically exist between attempts and lesser activities amounting to independent offenses of unsuccessful attempts:

State v. Butler, 8 Wash. 194, 35 P. 1093, 25 L.R.A. 434, 40 Am.St.Rep. 900; State v. Schleifer, 99 Conn. 432, 121 A. 805, 35 A.L.R. 952 and annotation 961; State v. Beckwith, 135 Me. 423, 198 A. 739; Commonwealth v. Wiswesser, 134 Pa.Super. 488, 3 A.2d 983; Wiseman v. Common-

wealth, 143 Va. 631, 130 S.E. 249; Smith v. Commonwealth, 54 Pa. 209, 93 Am.Dec. 686; State v. Hudon, 103 Vt. 17, 151 A. 562; People v. Chase, 117 Cal.App.Supp. 775, 1 P.2d 60, emphasizing "successfully" as differentiated from "prevail upon." " 'It (the legislature) is free to recognize degrees of harm, and it may confine its restrictions to those classes of cases where the need is deemed to be clearest. As has been said, it may "proceed cautiously, step by step," and "if an evil is specially experienced in a particular branch of business" it is not necessary that the prohibition "should be couched in all-embracing terms." ' " People v. Philbin, 50 Cal.App. 2d Supp. 859, 123 P.2d 159 at page 161.

Attempts may include unsuccessful attempts, but an unsuccessful attempt may be less than attempt and if as here provided, may be made a distinct and separate offense by the legislature. "The section does not punish one who tries and fails to commit a more serious offense." United States v. Miro, 2 Cir., 60 F.2d 58, at page 60. See also State v. Armijo, 19 N.M. 345, 142 P. 1126; People v. Miller, 2 Cal.2d 527, 42 P.2d 308, 98 A.L.R. 913.

Though somewhat in reverse, Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418, clearly recognizes and makes the distinction, which is controlling herein, i. e., between attempt and less than an attempt.

Such distinction being thus logical, real and tangible, the Legislature certainly may

make each a crime; i. e., attempt and unsuccessful attempt, as Sections 18-304, 305, and 306, and 18-2808, I.C. do.

The judgment should be affirmed.

HOLDEN, C. J., concurs in this dissent.