## Charles Cox

*v.*

## The People of the State of Illinois

1. CRIMINAL LAW—*solicitation to commit crime—when indictable.* Solicitations to commit crime are indictable, where their object is to provoke a breach of the public peace, or to interfere with public justice, or where perjury is advised, or the escape of a prisoner is encouraged, or the corruption of a public officer is sought. But if the offense be not consummated, and if it be not of such a character that its solicitation tends to a breach of the peace, or the corruption of the body politic, the mere solicitation is not, of itself, indictable.

2. SAME—*attempt to commit incest.* A mere effort, by persuasion, to produce a condition of mind essential to the commission of the crime of incest, without any step taken towards the commission of the offense, is not an attempt to commit the crime, within the meaning of the section of the Criminal Code providing for the punishment of whomsoever attempts to commit an offense prohibited by law, and does any act towards it, but fails or is intercepted or prevented in its execution.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. MARSHALL W. WEIR, for the plaintiff in error.

Mr. CHARLES P. KNISPEL, and Mr. R. A. HALBERT, for the People.

Per CURIAM: The indictment contains two counts. In the first, the defendant is charged with incest; and, in the second, he is charged with an assault with intent to commit incest.

The verdict of the jury is: "We, the jury, find the defendant guilty of an attempt to commit incest with Caroline Rider, under the first count of the indictment, and assess his punishment at imprisonment in the penitentiary for the term of two years."

The crime of incest is punishable, if it be by a father cohabiting with his daughter, by confinement in the penitentiary, for any term not exceeding twenty years; and if it be by cohabiting between other persons, within the degrees of consanguinity within which marriages are declared by law to be incestuous and void, by confinement in the penitentiary for a term not exceeding ten years. R. L. 1874, p. 376, §§ 156, 157.

And, by another section of the Criminal Code, "whoever attempts to commit any offense prohibited by law, and does any act towards it, but fails, or is intercepted or prevented in its execution, where no express provision is made by law for the punishment of such attempt, shall be punished, where the offense thus attempted is a felony, by imprisonment in the penitentiary not less than one nor more than five years; in all other cases, by fine not exceeding $300, or by confinement in the county jail not exceeding six months." R. L. 1874, p. 393, § 273.

It is not claimed, nor is there any express provision made by the Criminal Code for the punishment of an attempt to commit incest, so that the defendant's case is brought within this section, if he is liable at all. The evidence shows, simply, an unsuccessful solicitation to commit the offense, and the question, therefore, is, does a bare solicitation constitute an attempt, within the meaning of the section?

Wharton, in discussing whether solicitations to commit crimes are independently indictable, in the 2d volume of his work on Criminal Law (7th Ed.), in § 2691, says: "They certainly are, * * * where their object is to provoke a breach of the public peace, as is the case with challenges to fight and seditious addresses. They are also indictable when their object is interference with public justice, as, where resistance to the execution of a judicial writ is counselled, or perjury is

advised, or the escape of a prisoner is encouraged, or the corruption of a public officer is sought. * * * But if the offense be not consummated, and if it be not of such a character that its solicitation tends to a breach of the peace, or the corruption of the body politic, the question whether the solicitation is by itself the subject of penal prosecution, must be answered in the negative." See, also, *Smith* v. *Com.* 54 Penn. St. 209; *Com.* v. *Willard*, 22 Pickering, 476.

We are of opinion that this is the better view of the law, although there are respectable authorities holding a different rule; and, reading the section quoted in the light of it, the words "whoever attempts to commit any offense prohibited by law, and does any act towards it," must be construed, in cases like the present, to mean a physical act, as contradistinguished from a verbal declaration; that is, it must be a step taken towards the actual commission of the offense, and not a mere effort, by persuasion, to produce the condition of mind essential to the commission of the offense.

We are, therefore, of opinion there was error, both in giving instructions at the instance of the People, and in refusing those asked by the defendant, for which the judgment should be reversed and the cause remanded.

*Judgment reversed.*