men would entertain under all the facts and circumstances of the case.

Verdict, not guilty.

———o———

## STATE vs. ROSS LOCKWOOD.

*Arson—Attempt to Commit Arson—Elements of Crime—Intent— Malice—Statute.*

1.    The gist of the crime of arson is the danger to the lives of persons who may be dwelling in the house set on fire; and the crime is graded by the statute according to the degree of danger to human life it involves.

2.    Like as the elements of murder are ingredients in the crime of an assault with intent to commit murder, so the elements of arson are ingredients in the offense of an attempt to commit arson.

3.    To constitute the offense of an attempt to commit arson, there must be the wilful act or attempt to commit that offense though unaccomplished, as distinguished from the accomplishment of the attempt. There must be the intent which directs and the malice which inspires the acts in both crimes.

4.    In a prosecution for attempt to commit arson, the character of the instrument employed in the attempt is immaterial.   If the attempt to burn be wilful, it matters not whether the method be by direct or indirect means.

5.    When the attempt to commit arson is established the intent may be proved by direct evidence, as by the admission and confession of the accused, or by indirect or circumstantial evidence as by the acts, conduct and threats of the accused and the attending circumstances of the attempt.

6.    The element of malice in the offense of an attempt to commit arson intended by the law, signifies not general malevolence but the intent from which flows an unlawful act, committed without legal justification, and when the act constituting the offense is proved to have been done, and to have been done wilfully, it is then inferred to have been done maliciously.

7.    When the jury entertain a reasonable doubt of the guilt of the accused, that doubt   must inure to his acquittal.    But that doubt must. not be a mere fanciful, vague, indefinable or speculative doubt, but a reasonable, substantial doubt remaining in the minds of the jury after a careful consideration of all the evidence.

Del. statute: *Rev. Code* (1893), *p.* 933 *Chap.* 128 *Sec.* 1.

*(September* 30, 1909.)

Judges CONRAD, WOOLLEY and HASTINGS sitting.

*Josiah O. Wolcott*, Deputy Attorney-General for the State..

*William G. Jones* for the prisoner.

Court of General Sessions, New Castle  County, September Term, 1909.

INDICTMENT for ATTEMPT  TO  COMMIT  ARSON (No. 56, September.  Term, 1909).

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—Ross Lockwood, the prisoner at the bar, is charged in this indictment with having attempted wilfully and maliciously to set on fire a dwelling house, in which there were at the time human beings.   The felony, the perpetration of which the prisoner is charged to have attempted, is arson, no better definition of which can be given you than by the inhibitory words of our own statute relating to that offense.   This statute *(Rev. Code* 1852, *amended in* 1893, *p.* 933 *Chap.* 128 *Sec.*1)  provides. that, "If any person shall wilfully and maliciously burn or set on fire any dwelling house, whether it be his own or that of another, in which there shall be at the time some human being;   *   *   * such person shall be deemed guilty of arson of the first degree and felony,   *   *   *  If any person shall wilfully and maliciously burn or set on fire any dwelling  house, whether it be his own or that of another, in which there shall *not* be at the time some

human being, such person shall be deemed guilty of arson in the second degree and felony   *   *   *   ."

From this definition of the felony of arson, you will observe that the gist of the offense is the danger to the lives of persons who may be dwelling in the house set on fire, and from this recital of the law, you will discern that the crime is graded according to the degree in which it involves danger to human life.

While in this case the prisoner is not indicted for the felony of *burning* a house in which human beings dwell, he is indicted *for attempting* to commit that felony, and the offense for which he is indicted bears much the same relation to the major offense of arson, as the felony of assault with intent to commit murder bears to the felony of murder.   Therefore, as the elements of the felony of murder are ingredients in the felony of assault with intent to murder, likewise the elements of the felony of arson are ingredients in the misdemeanor of attempted arson.

There must be the wilful act, which in the latter crime is the attempt unaccomplished, as distinguished from the act of accomplishment in the former crime.   There must be the intent, which directs the act in either crime, and the malice which inspires the acts in both crimes.

With respect to an act constituting an attempt to wilfully and maliciously set on fire a dwelling house, whereby human life is imperiled, the Court charges you, that in order to convict the prisoner of the crime charged, the burden rests upon the State to show to you, beyond a reasonable doubt, that the house attempted to be fired was a dwelling house in which there was at the me some human being, and that the prisoner did or omitted to do something whereby he exerted an effort to set fire to such a house so inhabited.   It is not sufficient to show that by his act the building was in danger of burning, for that might have been the result of accident, or neglect or carelessness.   It must be shown that the act or omission of the prisoner was the result of a wilful or deliberate purpose, having for its object the burning of the building.

The character of the instrument employed in the attempt to burn, is immaterial.   If the attempt be wilful, it matters not

whether the method be by the direct application of a match or the indirect use of something which will ignite from its own nature.

The State must not only show some physical effort of the prisoner to accomplish the act of burning, but it must show the prisoner's intent, or the state of mind with which the act was done or contemplated.

In respect to the element of intent required to be proven by the State, you are charged, that generally speaking, the law considers that an *attempt* to commit a crime is an act done with *intent* to commit that crime. When the attempt is established, the intent may be proved by direct evidence, as the admissions and confessions of the prisoner, or it may be proved by indirect or circumstantial evidence. It may be inferred from the conduct of the prisoner, from the wilfulness of an attempt to burn, from the circumstances attending the attempt, from the means employed, from the hostility of the accused to the owner, and from threats and quarrels, as well as from the general rule of law that every man must be presumed to intend the natural and probable consequences of his own voluntary and wilful act.

With respect to malice, being the remaining element in the crime charged against the prisoner, the Court says to you, that the malice intended by the law, signifies not general malevolence, but rather the intent from which flows an unlawful act, committed without legal justification. An attempt to burn a house in which human beings dwell, is a cruel act, and the law holds that malice of this kind is implied from every deliberate, cruel act committed by one person against another. The law considers that he who does a cruel act voluntarily does it maliciously. In the crime of attempted arson, as in the crime of arson, the law holds that when the act, constituting the attempt, is proved to have been done, and to have been done wilfully, it is then inferred to have been done maliciously.

In your consideration of the three elements of the crime imputed to the prisoner, the Court calls to your attention the law's presumption of the prisoner's innocence until he is proven

Verdict.

guilty.   If after carefully and conscientiously considering and
weighing all the evidence in the case, reconciling it where it
appears conflicting and when you can, you should entertain a
reasonable doubt of the guilt of the prisoner, that doubt must
inure to his benefit, and your verdict should be "not guilty".
But that doubt must not be a mere fanciful, vague, indefinable.
or speculative doubt, but a reasonable, substantial doubt,
remaining in your minds after a careful consideration of all the
evidence; such a doubt as reasonable, fair-minded and consci-
entious men would entertain under all the facts and circum-
stances of the case.

Verdict, guilty with a recommendation to mercy.