STATE vs. BURTON F. DONOVAN.

1. CRIMINAL LAW—ATTEMPTS TO COMMIT CRIME.

To constitute an attempt to commit either a statutory or common-law crime, there must be some act done in part execution of the design to commit the crime.

2. ARSON—ATTEMPTS.

While the overt act necessary to constitute an attempt to commit a crime need not be the next preceding or proximate act necessary to the consummation of the intended crime, a mere offer of money or solicitation to commit arson is not a sufficient overt act.

3. INDICTMENT AND INFORMATION—FOLLOWING LANGUAGE OF STATUTE.

An indictment charging that accused attempted to set on fire a certain warehouse, though substantially in the language of the statute was insufficient to plainly and fully inform accused of the nature and cause of the accusation against him, as required by Const. 1897, art. 1, § 7; it not being sufficient to follow the language of the statute when the elements of the crime are not supplied by the statute, or when recourse must be had to the common law to determine the constituent elements.

4. CRIMINAL LAW—OFFENSES—SOLICITATION.

Under Rev. Code 1852, amended to 1893, p. 926, c. 127, § 18, providing that all offenses indictable at common law and not specially provided for by statute shall be misdemeanors, and the statute making it a felony to maliciously burn or set on fire any warehouse, it is an indictable offense to solicit another to burn or set on fire a warehouse, since it was a misdemeanor at common law to incite or solicit another to commit a felony or other aggravated crime, and page 933, c. 128, making attempts to burn other objects than buildings misdemeanors, was evidently enacted in aid of the common law and for the purpose of embracing things not covered by the common law, and not to constitute a complete code on the subject, and hence does not abrogate the common law on the subject of solicitation.

5. STATUTES—CONSTRUCTION WITH REFERENCE TO OTHER STATUTES.

Statutes should be construed in connection with the previously existing statutory or common law upon the same subject.

6. STATUTES—REPEAL—IMPLIED REPEAL.

Whether a statute repeals the previously existing law, in the absence of an express repeal, depends upon the presence or absence of an irreconcilable inconsistency, unless it is manifestly clear that the later enactment is intended to supersede the earlier law and embrace the whole subject-matter, since repeals by implication are not favored and will be pronounced by the courts only in clear cases.

7. INDICTMENT AND INFORMATION—INDICTMENT—SOLICITATION.

It being an indictable offense to solicit another to burn a warehouse, an indictment charging such solicitation, without specifying any other overt act, was sufficient.

(*February* 5, 1914.)

Judges BOYCE and CONRAD sitting.

*Frank M. Jones*, Deputy Attorney General, for the state.

*Robert C. White* and *Daniel J. Layton, Jr.*, for the defendant.

Court of General Sessions, Sussex County, February Term, 1914.

Burton F. Donovan was indicted for an offense. On demurrer to the indictment (No. 9, October Term, 1913). Sustained in part, and overruled in part. For trial s. c., see—*Boyce*—, 95 *Atl.* 1041.

The indictment contains three counts. The first charges that the accused did "unlawfully, willfully and corruptly solicit, urge and endeavor to procure one * * * feloniously, maliciously and willfully to set on fire a certain warehouse, * * * by * * * wickedly, advisedly and corruptly offering the said * * * a large sum of money, with intent thereby * * * to procure him, * * * feloniously, willfully and maliciously to set on fire the said warehouse, * * * and did thereby * * * willfully and maliciously attempt to set on fire said warehouse. * * * "

The second count charges that the accused " * * * wickedly * * * did solicit, incite and attempt to procure one * * * feloniously * * * to set on fire a certain warehouse, * * * with intent * * * thereby to injure. * * * "

The third count charges that the accused " * * * willfully * * * did attempt to set on fire a certain warehouse. * * * "

Demurrer sustained as to the first and third counts, and over-ruled as to the second. The questions of law presented and considered appear in the opinion of the court.

ARGUMENT ON DEMURRER BY COUNSEL FOR ACCUSED.

As to the first count, it is submitted that mere solicitation, no act having been done in furtherance, is not an attempt. 22 *Cyc.* 344; 12 *Cyc.* 183; 1 *Wharton, Cr. Laws,* 218; *Clark's Crim. Law,* 141; *State v. Bowers,* 35 *S. C.* 262, 14 *S. E.* 488, 15 *L. R. A.* 199, 28 *Am. St. Rep.* 847; *Stabler v. Com.,* 95 *Pa.* 318, 40 *Am. Rep.* 654; *Lamb v. State,* 67 *Md.* 524, 10 *Atl.* 208, 298; *State v. Harney,* 101 *Mo.* 470, 14 *S. W.* 657; *Com. v. Randolph,* 146 *Pa.* 83, 23 *Atl.* 388, 28 *Am. St. Rep.* 782; *Hicks v. Com.,* 86 *Va.* 223, 9 *S. E.* 1024, 19 *Am. St. Rep.* 891; *State v. Butler,* 8 *Wash.* 194, 35 *Pac.* 1093, 40 *Am. St. Rep.* 900, also, in 25 *L. R. A.* 434, cases reviewed; *State v. Baller,* 26 *W. Va.* 90, 53 *Am. Rep.* 66; *State v. Goodrich,* 84 *Wis.* 359, 54 *N. W.* 577; *Reg. v. Williams,* 1 *C. & K.* 589; *Ex parte Floyd,* 7 *Cal. App.* 588, 95 *Pac.* 175; *McDade v. People,* 29 *Mich.* 50; *Cox v. People,* 82 *Ill.* 191; *People v. Murray,* 14 *Cal.* 159.

The above authorities go fully into the question as to what constitutes an attempt, and the necessity of an overt act.

The first count presents the facts constituting the "attempt," while the third count alleges the "attempt" in the language of the statute, without amplification or explanation, which does not inform the defendant of the nature and character of the offense.

"Where the statute does not define the act or acts constituting the offense, so as to give the offender information of the nature and character of the accusation, other averments conveying such information must be added." 22 *Cyc.* 341, 342, 344; 2 *Bishop, Crim. Pro.* 82-88; *Joyce, Indictments,* 242.

To this effect, also, 1 *Archbold Cr. Pl. & Pr.* 283; *Whart. Cr. L.* 212-303.

The word "attempt" as used in criminal law has no technical definition imparting sufficient legal certainty as to the manner, means used; and the intention of the wrongdoer. The aver-

ment ("did forcibly attempt to rescue," in exact language of the statute) was held insufficient. *U. S. v. Ford (D. C.)* 34 *Fed.* 26.

It is necessary that all the facts which develop the attempt be set out in the indictment. *State v. Hefner*, 129 *N. C.* 548, 40 *S. E.* 2; *Beale's Cr. Pl.* 140-197; *U. S. v. Wardell (C. C.)* 49 *Fed.* 914; *U. S. v. Potter (C. C.)* 56 *Fed.* 83; *Ledbetter v. U. S.*, 170 *U. S.* 606, 18 *Sup. Ct.* 774, 42 *L. Ed.* 1162; *U. S. v. Carll*, 105 *U. S.* 611, 26 *L. Ed.* 1135; *Rivers v. State*, 97 *Ala.* 72, 12 *South.* 435.

As to the second count, is a mere solicitation to commit a crime without any act done in furtherance thereof indictable?

It has been held so to be by at least one standard text-writer and in several cases. 1 *Bishop, Criminal Law*, 768; *Com. v. Flagg*, 135 *Mass.* 545; *State v. Bowers*, 35 *S. C.* 262, 14 *S. E.* 488, 15 *L. R. A.* 199, 28 *Am. St. Rep.* 847; *Rex v. Higgins*, 2 *East*, 5.

With reference to some offenses there would be little ground for difference of opinion either that solicitation to commit them was or was not a crime; but with reference to others, individual judgments will differ even as to the advisability of making them statutory offenses. Note to *State v. Bowers*, 15 *L. R. A.* 199; 1 *Wharton, Cr. Law* (11th *Ed.*) 218.

Again Mr. Wharton says in his chapter on arson: "That a bare solicitation is indictable, when there is no overt act, may well be questioned." 1 *Wharton*, § 844.

More than one case, cited as a case of solicitation, is in reality a case of conspiracy. *Pennsylvania v. McGill, Add. (Pa.)* 21.

Many of the cases cited are cases of attempt under special statutes. *State v. Caldwell*, 2 *Tyler* (*Vt.*) 212.

Statutes making the solicitation indictable. *Reg. v. Murphy, Jebb. C. C.* 315.

As an illustration of doubt upon the subject, see *U. S. v. Lyles, Fed. Cas. No.* 15,646.

An indictment used also the word "persuade", which signifies that the solicitation was successful. *Respublica v. Roberts*, 1 *Dall.* (*Pa.*) 27, 1 *L. Ed.* 27.

Even advising one to rob or kill without something done thereupon is not indictable. *Holt, C. J.*, in *Reg. v. Daniell*, 6 *Mod.* 99.

It is not enough to lay an enticement without an act done in pursuance of it. *Reg. v. Collingwood*, 6 *Mod.* 289.

Where an indictment charged that the defendant did solicit, etc., a married woman to commit fornication and adultery, it was held not to be an indictable offense. *Smith v. Com.* 54 *Pa.* 209, 93 *Am. Dec.* 686.

Wharton's view of the principle is approved in *Cox v. People*, 82 *Ill.* 191; *State v. Baller*, 26 *W. Va.* 90, 53 *Am. Rep.* 66.

A solicitation to burn a warehouse is not indictable. The statute has abrogated the common law, and attempts only are indictable. *Revised Code, pp.* 933-935, *sections* 1-6.

A complete criminal code exists, embracing all acts against which the Legislature thought proper to provide, and, under the authorities, it is submitted, that "solicitation" as a species of attempt is excluded. *R. v. Clayton*, 1 *C. & K.* 128.

A criminal statute embracing the whole subject-matter implies an abrogation and repeal of the common law on that subject. 1 *Sutherland, Stat. Con.* 251, 270; 12 *Cyc.* 140; 8 *Cyc.* 376; *Com. v. Cooley*, 10 *Pick.* (*Mass.*) 39; *In re Chemical Co.*, 7 *Del. Ch.* 262, 44 *Atl.* 775.

Abortion was an offense at common law; but now, perhaps in all jurisdictions, the common law is absorbed in statutes. 2 *Whart. Crim. Law*, § 781.

Where one was charged with an attempt to forge, etc., and the evidence showed a bare solicitation, the prisoner was discharged on *habeas corpus*. *Ex parte Floyd*, 7 *Cal. App.* 588, 95 *Pac.* 175.

An examination of the cases shows this significant fact: That, almost without exception, where in a jurisdiction there existed a specific statute upon "attempt", no indictment for a bare solicitation appears.

The state relied upon 1 *Bish.* § 776; *King v. Higgins*, 2 *East.* 5 (16); *Com. v. Flagg*, 135 *Mass.* 545; *People v. Bush*, 4 *Hill* (*N. Y.*) 133, and other cases cited by counsel for the accused.

BOYCE, J., delivering the opinion of the court:

Counsel for the accused demurred to the indictment, contending: As to the first count, that an attempt cannot be predicated upon mere solicitation; as to the second, that mere solicitation to commit a crime is not indictable; and that even if it were at common law, the Legislature, under *Chapter* 128, *Revised Code* (1893), 933-934, has enacted a complete penal code with respect to arson and other burnings below the grade of arson, including attempts to burn, thereby abrogating the common law upon the subject, so that, as to the latter offenses, statutory attempts only, exclusive of solicitations to burn, are now indictable; and as to the third count, that the averment of an attempt in the language of the statute, without amplification or explanation, does not sufficiently inform the accused of the nature of the charge against him. Inasmuch as the objections to the first and third counts necessitate an inquiry into the nature of offenses of attempts both at common law and under the statute, we shall consider these two counts before taking up the second count, based upon the alleged offense of solicitation.

[1] It is a well-established rule that in order to constitute an attempt to commit a crime, whether statutory or at common law, there must be some act done in part execution of a design to commit the crime. 1 *Bishop, New Crim. Law*, § 728; 1 *Wharton, Crim. Law*, § 173; 3 *American and Eng. Enc. Law* ( 2d Ed.) 250; 12 *Cyc.* 176; *Clark's Crim. Law*, § 120; 1 *Roscoe's Crim. Ev.* 312; *Stephen's Dig. Crim. Law*, 33; *People v. Gardner*, 144 *N. Y.* 119, 38 *N. E.* 1003, 28 *L. R. A.* 699, 43 *Am. St. Rep.* 741; *People v. Sullivan*, 173 *N. Y.* 122, 65 *N. E.* 989, 63 *L. R. A.* 353, 93 *Am. St. Rep.* 582; *Commonwealth v. Peasler*, 177 *Mass.* 267, 59 *N. E.* 55; *People v. Stites*, 75 *Cal.* 570, 17 *Pac.* 693. In other words, an attempt consists not only of an intention to commit some particular crime, but that intention must be coupled with an act or a step beyond mere preparation, and the difference between attempt and commission is that the act or step fails to produce the result intended. *Hicks v. Commonwealth*, 86 *Va.* 223, 9 *S. E.* 1024, 19 *Am. St. Rep.* 891; *State v. Taylor*, 47 *Or.* 455, 84 ᴸ ᵂᴳᵎ·

82, 4 *L. R. A.* (*N. S.*) 417, 8 *Ann. Cas.* 627; *McDermott v. People*, 5 *Parker Cr. R.* (*N. Y.*) 102.

In *State v. Lockwood*, 1 *Boyce*, 28, 31, 74 *Atl.* 2, on an indictment for attempt to commit arson, the court, in the charge to the jury, held that it was necessary to show not only some physical effort on the part of the accused to accomplish the act of burning, but also the attempt or state of mind of the accused with which the act was done or contemplated. Similarly, in *State v. Hollingsworth*, 1 *Marv.* 528, 530, 41 *Atl.* 144, on an indictment for attempt to commit larceny, the court said: "The crime charged contains two distinct elements: First, the intention to commit larceny; second, the commission of some overt act or acts, in execution of that intention which if carried out, would constitute larceny."

[2] This being true, it remains to inquire of what sort must be the overt act necessary to satisfy the definition of an attempt; and although it is clear that the act need not be the next preceding or proximate act necessary to consummation of the crime intended, we are, nevertheless, of the opinion that the mere offer of money, or solicitation, to commit arson is not the sort of act necessary to satisfy the definition. *Bishop, on Crim. Law,* § 762; *McDade v. People,* 29 *Mich.* 50; *Uhl v. Com.,* 6 *Grat.* (*Va.*) 706; *Hicks v. Com., supra.* To be indictable as an attempt, the offer of money or solicitation would have to be coupled with some act or acts related to the execution of the intention; and for this reason, we sustain the demurrer to the first count.

[3] The averment in the third count substantially follows the language of the statute. This is not always sufficient and it is never so when the elements of the crime are not supplied by the statute, or when recourse must be had to the common law in order to determine the constituent elements of the crime. It is true that in the employment of certain words in themselves descriptive of the crime—like assault, rape, and others—it is unnecessary to aver acts done, as such words are always enough to charge the facts indicated by them. *Beale's Crim. Plead. & Prac. p.* 99. And it is equally true that, when an offense created by statute and the facts constituting it are fully set out, it is suffi-

cient to charge the offense in the language of the statute without further description. 1 *Bishop, Crim. Pro.* 611. But the averment of an "attempt to set on fire" is by itself purely argumentative and does not apprise the accused of the facts necessary to enable him "to be plainly and fully informed of the nature and cause of the accusations against him," as is required by the Constitution of this state (*section* 7, *art.* 1, 1897); 10 *Enc. Plead. & Prac.* 487; *Wharton's Crim. Plead. & Prac.* § 220; *State v. McDowell,* 1 *Penn.* 2, 39 *Atl.* 454; 2 *Wharton, Crim. Law,* §§ 2703, 2705; *U. S. v. Carll,* 105 *U. S.* 611, 26 *L. Ed.* 1135; *Bishop, Stat. Crim.* § 394; 2 *Bishop, Crim. Pro.* § 1792; *R. v. Aspinall,* 2 *Q. B. D.* 48, 56.

For this reason, the demurrer to the third count is sustained.

[4] With regard to the second count, we must inquire, first, whether mere solicitation to commit a crime without any act done in furtherance thereof was ever indictable; and if so, then whether *Chapter* 128, *Revised Code, pp.* 933, 934, has abrogated the common law upon the subject of arson and other offenses of burning, including the lesser offenses of criminal attempts, so that as to the latter only the statutory attempts exclusive of solicitations to burn are now indictable. It was conceded by counsel for the accused that mere solicitation as charged in this count has been held to be an indictable offense at common law by at least one text-writer and in several cases. 1 *Bishop, Crim. Law,* § 768; *Com. v. Flagg,* 135 *Mass.* 545; *State v. Bowers,* 35 *S. C.* 262, 14 *S. E.* 488, 15 *L. R. A.* 199, 28 *Am. St. Rep.* 847; *Rex v. Higgins,* 2 *East,* 5.

On the other hand, Mr. Wharton was quoted as saying in his chapter on arson that whether a bare solicitation was indictable when there was no overt act might well be questioned. 1 *Wharton,* § 844. See *Cox v. People,* 82 *Ill.* 191; *State v. Baller,* 26 *W. Va.* 90, 53 *Am. Rep.* 66.

After a careful examination of the authorities it would seem that there is a considerable want of harmony in the text-books and adjudicated cases, attributable to some extent, at least, to decisions based on particular statutes, to cases where mere solicitation has been charged as an attempt, and to particular statutes

which make certain acts, preparatory in their character, substantive offenses. The count under consideration, however, involves no question of attempt, nor of mere solicitation charged as an attempt, nor of the punishment of "intents" as well as "attempts," as in the case of *Griffin v. State*, 26 *Ga.* 493. Our sole inquiry at present is whether soliciting the crime of burning a warehouse is a distinct offense at common law; for if it is, and if it has not been abrogated by our statutes with regard to arson, and minor kindred offenses then such solicitation is a misdemeanor, because all offenses indictable at common law and not specially provided for by statute are deemed misdemeanors. *Section* 18, *c.* 127, *Rev. Code, p.* 926.

In *Commonwealth v. Randolph*, 146 *Pa.* 83, 23 *Atl.* 388, 28 *Am. St. Rep.* 782, the appellant was convicted in the court below on an indictment charging that the accused "unlawfully, wickedly and maliciously did solicit and invite another * * * by the offer and promise * * * of a large sum of money, * * * which she did propose, offer, promise, and agree to pay, did incite and encourage him * * * one * * * feloniously, to kill * * * against," etc. A motion was made to quash the indictment upon the ground that "the said indictment does not charge in any count thereof any offense, either at common law or by statute." The court refused to quash, and its refusal, with the refusal to arrest the judgment, was assigned as error. The offense charged was not statutory so the only question was whether it was an offense at common law. Tested by the answer given in *Commonwealth v. McHale*, 97 *Pa.* 397, 39 *Am. Rep.* 808, the court had no doubt that the solicitation to commit murder, accompanied by the offer of money for that purpose, was an offense at common law; and the case of *Stabler v. Commonwealth*, 95 *Pa.* 318, 40 *Am. Rep.* 653, in which there was a conviction for solicitation to administer poison, was reviewed and approved.

From these and other cases, as well as from the text-books, it seems that, although the authorities are not agreed on the question when solicitation to commit an offense is an attempt, they are in accord in holding that solicitation to commit certain

crimes is in itself a substantive crime. 1 *Wharton's Crim. Law*, § 179; *State v. Baller*, 26 *W. Va.* 90, 53 *Am. Rep.* 66; 1 *Bishop*, *Crim. Law, p.* 768; *State v. Avery*, 7 *Conn.* 266, 18 *Am. Dec.* 105; *People v. Bush*, 4 *Hill (N. Y.)* 133; *Rex v. Phillips*, 6 *East*, 464; *Cox v. People*, 82 *Ill.* 191; *Lamb v. State*, 67 *Md.* 524, 10 *Atl.* 208, 298; *McDermott v. People*, 5 *Parker Cr. R.* 102;' *Smith v. Commonwealth*, 54 *Pa.* 209, 93 *Am. Dec.* 686; *Stabler v. Commonwealth*, 95 *Pa.* 318, 40 *Am. Rep.* 653.

Certainly to incite or solicit another to commit a felony or other aggravated crime, whether it be actually committed or not, is a misdemeanor at common law; and generally speaking solicitations which in any way attack public society or safety are indictable as distinct offenses. *Regina v. Quail*, 4 *F. & F.* 1076; *Rex v. Higgins*, 2 *East*, 5; *Rex v. Gaughan*, 4 *Burr.* 2494; *Rex v. Phillips*, 6 *East*, 464; *Commonwealth v. Flagg*, 135 *Mass.* 545; *Commonwealth v. Randolph*, 146 *Pa.* 83, 23 *Atl.* 388, 28 *Am. St. Rep.* 782; 12 *Cyc.* 182, and other cases cited.

In *Russell on Crimes, Volume* 1, *p.* 44, we read: "It is clear that all felonies, and all kinds of inferior crimes of a public nature as misprisions, and all other contempts, all disturbances of the peace, oppressions, misbehavior by public officers, and all other misdemeanors whatsoever of a public evil example against the common law may be indicted."

The crime of arson is a felony both at common law and under our statute, and under the latter "to willfully and maliciously burn or set on fire any warehouse" is also a felony. We are of the opinion, therefore, that apart from the question of abrogation, a mere solicitation to burn or set on fire a warehouse is indictable at common law, not only because it is a solicitation to commit what was apparently prior to 7 and 8 *Geo. IV, c.* 30, § 2, a misdemeanor *malum in se*, and what is now a felony, but also because it is an offense of a public nature of evil example, and prejudicial to the community.

In support of the other objection to this second count, it was urged:

(1)   That a criminal statute embracing the whole subject-

matter implies an abrogation and repeal of the common law on that subject. 12 *Cyc.* 140; 1 *Sutherland, Stat. Cons.* 251.

(2)   That in revising statutes generally, whatever is excluded is repealed. 1 *Sutherland, Stat. Cons.* 251, 270; 8 *Cyc.* 376; 12 *Cyc.* 140; *Ex parte Floyd,* 7 *Cal. App.* 588, 95 *Pac.* 175; *Commonwealth v. Cooley,* 10 *Pick. (Mass.)* 39; *In re Chemical Co.,* 7 *Del. Ch.* 262, 44 *Atl.* 775; *Husbands v. Talley,* 3 *Penn.* 88, 47 *Atl.* 1009.

Generally speaking it is true. "When," as Mr. Black has said, "it is evident that a statute, or a code or revision of the laws, is not intended merely to be cumulative, or to remedy the defects of the common law, but designed as a complete and comprehensive body of law in relation to a given subject, it supersedes the common law entirely, as to that subject, and leaves no part or branch of it to be governed or determined by the common law." *Black, Inter. Laws,* 236, and cases cited.

[5, 6]   It is equally true, however, that repeals by implication are not favored, and only in clear cases will the courts pronounce such repeals. Statutes should be construed in connection with the previously existing statutory or common law upon the same subject. Whether such statutes repeal the previously existing law, in the absence of a repeal in express terms, depends upon the presence or absence of an irreconcilable inconsistency between them, unless it is manifestly clear that the later enactment is intended to supersede the earlier law and embrace the whole subject matter. *Roche v. Mayor, etc.,* 40 *N. J. Law,* 257; 12 *Cyc.* 141, and cases cited.

The difficulty is not in the recognition of these two general principles, but in their application to the present case. By said *Section* 18, *Chapter* 127, *Revised Code*(1893), 926, it is provided that "Assaults, batteries, nuisances, *and all other offenses indictable at common law,* and not specially provided for by statutes, shall be deemed misdemeanors,   *   *   *". The provisions in the statute making attempts to burn buildings, and other objects therein enumerated, misdemeanors, were evidently enacted in aid of the common law; that is, for the purpose of embracing things not covered by the common law, and not for the purpose of com-

Opinion.

pleting a code on the subject. To maintain the contention of counsel for accused, it would be necessary to hold that the arson statute has not only had the effect of abrogating the common law upon the subject, but also that in respect to the offense charged it operates as a repeal of the express provisions of the other statute making all offenses indictable at common law, and not specially provided for by statutes, misdemeanors. We do not think that the arson statute in itself, or the rules governing repeals by implication, warrant such a holding. On the contrary, we find that the statute has not abrogated the common-law offense of solicitation to commit arson or to set on fire a warehouse.

[7] In 1 *Bishop's Crim. Law*, 768, the learned author says: "The law as adjudged holds, and has held from the beginning, in all this class of cases, an indictment sufficient which simply charges that the defendant, at the time and place mentioned, falsely, wickedly, and unlawfully did solicit and incite a person named to commit the substantive offense, without any further specification of overt acts. It is vain, then, to say that mere solicitation, the mere entire thing which need be averred against a defendant as the ground for his conviction, is no offense."

Without pursuing the subject further, our conclusion is that the second count is good and we overrule the demurrer thereto.